

# IN THE
# TENTH COURT OF APPEALS

### No. 10-07-00277-CV

**ALVIN S. MCFARLAND,**

**Appellant**

 **v.**

**CITIBANK (SOUTH DAKOTA), N.A.,**

**Appellee**

**From the County Court at Law No. 1
Johnson County, Texas
Trial Court No. C200500055**

## OPINION

Alvin S. McFarland challenges the trial court's rulings on cross-motions for summary judgment in this credit card debt collection suit. We will affirm.

### Background

Citibank (South Dakota), N.A. (Citibank) sued McFarland to recover unpaid credit card debt. In its petition, Citibank alleged that both parties entered into an agreement for a credit account and that pursuant to the express terms of the agreement, McFarland was responsible for all charges placed on the account by persons permitted

or who had access to the credit card or account number. Citibank alleged that McFarland used the account to make purchases of goods and/or services and/or to receive cash advances. Citibank alleged that in accordance with the agreement, it billed McFarland for payment of the charges on the account, but McFarland defaulted in making the payments required by the agreement. Citibank asserted four alternative causes of action: (1) "breach of contract/written or implied-in-fact," (2) "breach of oral contract," (3) "account stated" and (4) "restitution, common law debt, assumpsit, money had [sic] and to remedy defendant's unjust enrichment." McFarland generally denied the allegations.

The parties filed cross-motions for summary judgment. Citibank filed what we have determined to be a traditional motion for summary judgment on its account stated cause of action. Citibank's summary judgment evidence consisted of an Affidavit in Support of Attorney Fees and the Affidavit of Ramona Chavez, a Litigation Analyst with Citicorp Credit Services, Inc. USA, a service provider for Citibank. Additionally, sixty pages of McFarland's credit card statements were attached to Chavez's affidavit. McFarland filed a no-evidence motion for summary judgment, claiming Citibank lacked evidence to succeed on any of its claims. The trial court granted Citibank's summary judgment motion and denied McFarland's summary judgment motion.

### Standard of Review

The standards for reviewing summary judgment are well established. When both parties move for summary judgment and the district court grants one motion and denies the other, the unsuccessful party may appeal both the prevailing party's motion

and the denial of its own. *See Holmes v. Morales*, 924 S.W.2d 920, 922 (Tex. 1996). We will review the summary judgment evidence presented by both sides, determine all questions presented, and render such judgment as the trial court should have rendered. *Comm'rs Court of Titus County v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997).

## Analysis

In two issues, McFarland contends generally that the trial court erred (1) in granting Citibank's motion for summary judgment on its account stated claim and (2) in denying his motion for summary judgment. McFarland also attacks the summary judgment rulings in several sub-issues. We will address each argument accordingly.

### *Affidavit of Ramona Chavez*

We begin by addressing McFarland's contention that Ramona Chavez's affidavit is defective and not competent summary judgment evidence. McFarland specifically complains that the affidavit lacks foundation, is based on hearsay and speculation, and falls below the standards required for proof of computer records. He also argues that Chavez lacks personal knowledge and is an interested witness. However, in the summary judgment context, a nonmovant must obtain a ruling on an objection to the form of a motion or supporting evidence to preserve the issue for appellate review. *See* TEX. R. APP. P. 33.1(a)(2); *Allen v. Albin*, 97 S.W.3d 655, 662-63 (Tex. App.—Waco 2002, no pet.); *see also Estate of Loveless*, 64 S.W.3d 564, 573 (Tex. App.—Texarkana 2001, no pet.); *Well Solutions, Inc. v. Stafford*, 32 S.W.3d 313, 316 (Tex. App.—San Antonio 2000, no pet.); *Dolcefino v. Randolph*, 19 S.W.3d 906, 925-27 (Tex. App.—Houston [14th Dist.] 2000,

pet. denied). *But see Blum v. Julian*, 977 S.W.2d 819, 823-24 (Tex. App.—Fort Worth 1998, no pet.).

All of these objections are objections to the form of the affidavit. *Dulong v. Citibank (South Dakota), N.A.*, 261 S.W.3d 890, 893 (Tex. App.—Dallas 2008, no pet.) (lack of personal knowledge and failure to comply with business records exception to hearsay rule); *Pico v. Capriccio Italian Rest., Inc.*, 209 S.W.3d 902, 909 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (hearsay and speculation); *Choctaw Props., L.L.C. v. Aledo I.S.D.*, 127 S.W.3d 235, 241 (Tex. App.—Waco 2003, no pet.) (affidavit of interested witness, hearsay, lack of personal knowledge). Because McFarland does not cite, nor have we found, a ruling from the trial court on these objections, McFarland failed to preserve these objections for appellate review. *See* TEX. R. APP. P. 33.1(a)(2).

McFarland also argues that the affidavit is conclusory because it fails to establish the basis for Chavez's personal knowledge of the facts to which she testifies. An objection regarding the conclusory nature of an affidavit is an objection to the substance of the affidavit that can be raised for the first time on appeal. *Willis v. Nucor Corp.*, __ S.W.3d __, __, 2008 WL 5473046, at *6 (Tex. App.—Waco Dec. 31, 2008, no pet.); *Skelton v. Comm'n for Lawyer Discipline*, 56 S.W.3d 687, 692 (Tex. App.—Houston [14th Dist.] 2001, no pet.). Thus, we will address this argument.

Affidavits containing conclusory statements that fail to provide the underlying facts to support the conclusion are not proper summary judgment evidence. *Dolcefino*, 19 S.W.3d at 930. However, Chavez's affidavit is not conclusory. It is based on her personal knowledge derived from her work as a Litigation Analyst, whose duties

include being one of the custodians of the records for Citibank. Furthermore, the affidavit substantially complies with the language of Texas Rule of Evidence 902(10)(b); therefore, it properly authenticates the business records at issue. *See* TEX. R. EVID. 902 (10)(b); *McElroy v. Unifund CCR Partners*, No. 14-07-00661-CV, 2008 WL 4355276, at *3 (Tex. App.—Houston [14th Dist.] Aug. 26, 2008, no pet.) (mem. op.) (affidavit not conclusory because it substantially complied with language of Rule 902(10)(b)); *Jones v. N. Woodland Hills Vill. Cmty. Ass'n*, No. B14-93-00545-CV, 1994 WL 388298, at *5 (Tex. App.—Houston [14th Dist.] July 28, 1994, writ denied) (affidavit containing only factual statements and substantially complying with Rule 902(10)(b) model affidavit was not conclusory); *see also Gellatly v. Unifund CCR Partners*, No. 01-07-00552-CV, 2008 WL 2611894, at *5 (Tex. App.—Houston [1st Dist.] July 3, 2008, no pet.) (mem. op.). For these reasons, we conclude Chavez's affidavit is not conclusory and the trial court did not err in considering it.

### *Existence of Agreement*

McFarland contends that Citibank failed to establish its claim as a matter of law because there is no proof of an agreement between the parties. McFarland points to the fact that Citibank failed to include a complete copy of the cardholder agreement in its summary judgment evidence. However, Citibank did not have to produce a written contract.

A party is entitled to relief under the common law cause of action for account stated when (1) transactions between the parties give rise to indebtedness of one to the other; (2) an agreement, express or implied, between the parties fixes an amount due;

and (3) the one to be charged makes a promise, express or implied, to pay the indebtedness. *Dulong*, 261 S.W.3d at 893; *Neil v. Agris*, 693 S.W.2d 604, 605 (Tex. App.—Houston [14th Dist.] 1985, no writ); *Arnold D. Kamen & Co. v. Young*, 466 S.W.2d 381, 388 (Tex. Civ. App.—Dallas 1971, writ ref'd n.r.e.). Because an agreement on which an account stated claim is based can be express or implied, Citibank did not have to produce a written contract as long as it could produce other evidence of the agreement between the parties to meet its burden of proof. *Dulong*, 261 S.W.3d at 894; *see also Butler v. Hudson & Keyse, L.L.C.*, No. 14-07-00534-CV, 2009 WL 402329, at *3 (Tex. App.—Houston [14th Dist.] Feb. 19, 2009, no pet.) (mem. op.).

An implied agreement can arise from the acts and conduct of the parties. *Dulong*, 261 S.W.3d at 894; *Harrison v. Williams Dental Group, P.C.*, 140 S.W.3d 912, 916 (Tex. App.—Dallas 2004, no pet.). Citibank submitted billing statements from January 2000 to April 2004. There is no evidence to suggest the statements were not received. The statements reflect that when credit was available, new charges were made on the account. Payments were also made. Chavez's affidavit states that the initial interest rate on the account is set forth on the first billing statement, and the subsequent financial terms in effect each time the card was issued are set out on each monthly statement. The credit card statements support this fact. The credit card statements also show that late fees and "over the limit" fees were periodically assessed.

There is no evidence McFarland ever objected to or disputed any charges or fees. McFarland argues that Citibank is attempting to wrongfully use the Federal Truth in Lending Act as a weapon to shift the burden of proof to him to prove that the amount

on the credit card statements is incorrect. But McFarland misses the point. Chavez attested in her affidavit that McFarland owes a balance of $10,602.07, plus interest, on the credit card account, and based on McFarland's usage of the credit card, we may reasonably infer that he impliedly agreed to pay a fixed amount equal to the purchases and cash advances he made, plus interest. *See Dulong*, 261 S.W.3d at 894; *see also Butler*, 2009 WL 402329, at *3. Thus, the evidence presented by Citibank establishes its right to summary judgment as a matter of law. McFarland raises no fact issues that would preclude summary judgment. *Tex. Workers' Comp. Ins. Fund v. Simon*, 980 S.W.2d 730, 733 (Tex. App.—San Antonio 1998, no pet.) (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979)). McFarland has not presented any evidence suggesting a different amount is owed.

Based on the series of transactions reflected on the account statements, we conclude Citibank established that McFarland agreed to the full amount shown on the statements and impliedly promised to pay the indebtedness. *See Dulong*, 261 S.W.3d at 894 (holding under almost identical facts that it was reasonable to infer that credit card holder agreed to full amount shown on statements and impliedly promised to pay indebtedness).

*Application of Account Stated Cause of Action to Credit Card Collection Suit*

Finally, McFarland argues that an account stated cause of action does not apply to the collection of credit card accounts. We disagree. A claim for account stated differs from a suit on a sworn account, which requires that personal property or services be provided by the creditor to the debtor. *See* TEX. R. CIV. P. 185; *Tully v. Citibank (South*

*Dakota), N.A.*, 173 S.W.3d 212, 216 (Tex. App.—Texarkana 2005, no pet.). Thus, we join our sister courts in holding that account stated, and not a suit on a sworn account, is a proper cause of action for a credit card collection suit because no title to personal property or services passes from the bank to the credit card holder. *See Dulong*, 261 S.W.3d at 893 n.3; *see also Butler*, 2009 WL 402329, at *2.

### Conclusion

On this record, we conclude that Citibank established that it is entitled to judgment as a matter of law on its account stated cause of action and that McFarland has not raised a material fact issue. Thus, we overrule McFarland's first issue and his second issue to the extent it challenges the trial court's denial of his no-evidence summary judgment on Citibank's account stated cause of action. Furthermore, having concluded that the trial court properly granted Citibank's motion for summary judgment, we need not address McFarland's second issue to the extent he challenges the trial court's denial of his no-evidence motion for summary judgment on Citibank's other causes of action. TEX. R. APP. P. 47.1.

We affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed June 17, 2009
[CV06]