

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 2-09-304-CV**

VERONICA S. ROLEN                                          APPELLANT

V.

LVNV FUNDING, LLC,                                          APPELLEE
ASSIGNEE OF SEARS

------------

FROM COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

In three issues, Appellant Veronica S. Rolen asserts that the trial court erred by granting summary judgment for LVNV Funding, LLC, Assignee of Sears ("LVNV"). We reverse and remand.

### II. Factual and Procedural History

---

[1] ... *See* Tex. R. App. P. 47.4.

On March 28, 2007, LVNV brought a suit on account against Rolen. Rolen filed a general denial. LVNV served requests for admissions on Rolen. Rolen failed to respond. LVNV then filed a motion for summary judgment, arguing that Rolen never filed a verified written answer or denial of the account and that the pleadings, affidavits, and admissions on file showed that there was no genuine issue of material fact. Rolen did not respond to LVNV's motion for summary judgment and failed to appear at the summary judgment hearing. The trial court granted LVNV's motion, and this appeal followed.

### III. Standing

In her first issue, Rolen complains that the trial court erred by granting LVNV's motion for summary judgment because LVNV did not meet its burden of establishing that it had standing to sue and was a proper party to bring suit.

### A. Standard of Review

Standing, a necessary component of subject-matter jurisdiction, is a constitutional prerequisite to maintaining a suit under Texas law. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444–45 (Tex. 1993); *see also Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser*, 140 S.W.3d 351, 358 (Tex. 2004) ("Not only may an issue of subject matter jurisdiction 'be raised for the first time on appeal by the parties or by the court', a court is obliged to ascertain that subject matter jurisdiction exists regardless of whether the parties have questioned it." (internal citations omitted)), *superseded by statute on other grounds*, Tex. Gov't Code Ann.

2

§ 311.034 (Vernon Supp. 2009). Standing cannot be waived. *Tex. Ass'n of Bus.*, 852 S.W.2d at 445. It cannot be conferred by consent. *See Loutzenhiser*, 140 S.W.3d at 358. Whether a party has standing to pursue a claim is a question of law reviewed de novo. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998), *cert. denied*, 526 U.S. 1144 (1999); *Eaves v. Unifund CCR Partners*, 301 S.W.3d 402, 404 (Tex. App.—El Paso 2009, no pet.).

Standing is a party's justiciable interest in a controversy. *See Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 661–62 (Tex. 1996); *Eaves*, 301 S.W.3d at 404. Only the party whose primary legal right has been breached may seek redress for an injury. *Eaves*, 301 S.W.3d at 404 (citing *Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 249 (Tex. App.—Dallas 2005, no pet.)). Without a breach of a legal right belonging to that party, that party has no standing to litigate. *Id.* (citing *Cadle Co. v. Lobingier*, 50 S.W.3d 662, 669–70 (Tex. App.—Fort Worth 2001, pet. denied)).

In reviewing standing on appeal, we construe the petition in the plaintiff's favor, and if necessary, review the entire record to determine if any evidence supports standing. *See Tex. Ass'n of Bus.*, 852 S.W.2d at 446.

## B. Privity

A party must prove its privity to an agreement to establish standing to assert a breach of contract cause of action. *See Pagosa Oil & Gas, L.L.C. v. Marrs & Smith P'ship*, No. 08-07-00090-CV, 2010 WL 450910, at *2 (Tex. App.—El Paso

3

Feb. 10, 2010, no pet. h.) (citing *OAIC Commercial Assets, L.L.C. v. Stonegate Village, L.P.*, 234 S.W.3d 726, 738 (Tex. App.—Dallas 2007, pet. denied)). For standing purposes, privity is established when the plaintiff proves that the defendant was a party to an enforceable contract with either the plaintiff or with a third party who assigned its cause of action to the plaintiff. *Id.* An assignee stands in the shoes of the assignor and may assert those rights that the assignor could assert. *See Gulf Ins. Co. v. Burns Motors, Inc.*, 22 S.W.3d 417, 420 (Tex. 2000).

The El Paso Court of Appeals has addressed standing to sue on an assigned credit card debt. *See Eaves*, 301 S.W.3d at 404–06. It held that an assignee had standing to sue when the evidence demonstrated that the original holder of the debt (Citibank) issued a credit card to Eaves, who defaulted on his account; Citibank sold the account to Unifund Portfolio; and Unifund Portfolio assigned its rights to collect the debt to Unifund Partners—the plaintiff in the debt collection suit. *Id.* at 404–06. The court observed that Unifund Partners' petition and its response to Eaves's motion for summary judgment alleged, and the evidence presented at trial showed, that it was the present owner of the account and entitled to sue to collect the debt, recounting the following:

> The bill of sale from Citibank to Unifund Portfolio conveyed good and marketable title to the account, and more importantly, Unifund Portfolio expressly assigned the rights to collect on the account, including litigation, to Unifund Partners. Based on this evidence, we find Unifund Partners had standing to sue to collect the debt.

4

*Id.* at 404–05. The court noted that, even though the bill of sale did not expressly reference Eaves's account, other evidence in the record allowed the inference that Eaves's account was sold to Unifund Portfolio; this evidence included affidavits attached to the pleadings and a Unifund statement that noted Eaves's account from Citibank, stated the defaulted balance, and indicated that he must tender payment to Unifund. *Id.* at 405; *see also Cartwright v. MBank Corpus Christi, N.A.*, 865 S.W.2d 546, 551–52 (Tex. App.—Corpus Christi 1993, writ denied) (holding that MBank's pleadings were sufficient to allow judgment on the theory that MBank, either as holder or assignee, was entitled to sue to collect on a note; MBank had pleaded that it was a holder of the note and entitled to sue on it; that the Cartwrights executed the note and delivered it to Enterprise Development, and that Enterprise Development assigned the note to MBank in consideration for value).

Another of our sister courts has also addressed this issue. *See Gellatly v. Unifund CCR Partners*, No. 01-07-00552-CV, 2008 WL 2611894, at *1 (Tex. App.—Houston [1st Dist.] July 3, 2008, no pet.) (mem. op.). In *Gellatly*, Unifund sued as Citibank's successor-in-interest on an unpaid credit card account. *Id.* The court concluded that deemed admissions supplied conclusive proof of the elements of Unifund's breach of contract claim because they established

> (1) the existence of a contract between Gellatly and Unifund's predecessor in interest; (2) that Unifund's predecessor in interest performed on the contract; (3) *that Unifund now owns the debt*; (4) that Gellatly breached the contract by failing to make payments; and (5) that

5

Unifund's predecessor in interest, and therefore, Unifund were damaged by Gellatly's failure to pay.

*Id.* at *6 (emphasis added); *see also* Tex. R. Civ. P. 198.2(c) ("If a response is not timely served, the request is considered admitted without the necessity of a court order."), 198.3 ("A matter admitted under this rule is conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission."). The court noted in a footnote that the deemed admissions supplied conclusive proof of Unifund's standing to sue as the owner of the account. *Gellatly*, 2008 WL 2611894, at *6 n.2; *see also Butler v. Hudson & Keyse, L.L.C.*, No. 14-07-00534-CV, 2009 WL 402329, at *1–2 (Tex. App.—Houston [14th Dist.] Feb. 19, 2009, no pet.) (affirming summary judgment when, among other things, Hudson established the first element of its account-stated claim on a credit card debt when it provided an affidavit that explained that Chase Manhattan Bank, issuer of the credit card to Butler, had assigned the right to collect on the debt to Hudson); *Rowlands v. Unifund CCR*, No. 14-05-01122-CV, 2007 WL 1395101, at *1 & n.1 (Tex. App.—Houston [14th Dist.] Mar. 27, 2007, no pet.) (mem. op.) ("Unifund alleged that it purchased the account from Citibank 'for good and valuable consideration' and claimed to be the assignee of Citibank. . . . Attached collectively as 'Exhibit A' to Unifund's live pleading was . . . [among other things] a 'Citibank Card Agreement' . . . [which] states, among other things, 'We . . . reserve the right to assign any or all of our rights and obligations under this Agreement to a third

6

party.'"); *McManus v. Sears, Roebuck & Co.*, No. 09-02-00472-CV, 2003 WL 22024238, at *2 (Tex. App.—Beaumont Aug. 28, 2003, no pet.) (mem. op.) (concluding that suit on sworn account was appropriate when Sears, Roebuck & Co. alleged in its motion for summary judgment that even though McManus entered into a credit agreement with Sears National Bank, he purchased goods and services from Sears, Roebuck & Co., which subsequently became the assignee of Sears National Bank's rights, and in McManus's responses to requests for admissions, he admitted that Sears, Roebuck & Co. was the proper party plaintiff and that the credit card issued to him was issued by Sears, Roebuck & Co.).

## C. Pleadings and Admissions

The style of the case, set out in the caption of LVNV's original petition is "LVNV FUNDING, LLC ASSIGNEE OF SEARS." The body of LVNV's petition states as follows:

<u>**PLAINTIFF'S ORIGINAL PETITION**</u>

TO THE HONORABLE JUDGE OF SAID COURT:
    This is a suit on a debt. Defendant(s) can be served with process at the address below.

        . . . .

**I**
    Plaintiff, LVNV FUNDING, LLC, requests discovery be conducted at Level 1 (TRCP 190.2). In the usual course of business, Plaintiff and/or its Predecessor extended credit to Defendant for purchase of goods, wares, merchandise, services, or for cash advances. Defendant, or one duly authorized, accepted, used, and derived benefits from the

credit account. "Exhibit A" represents the summary of transactions of which a systematic record was kept.

**II**

Defendant's failure to honor payment obligations created a balance due and owing to Plaintiff, as shown in "Exhibit A." Despite Plaintiff's timely demand, payment has not been forthcoming. All conditions precedent have been performed.

**III**

The breach of Defendant led Plaintiff to employ the undersigned law firm to file suit, necessitating a reasonable fee for attorney services.

LVNV prayed for $5,858.13 as the balance due, for attorney's fees and costs, and for any other appropriate relief. The affidavit attached to the original petition sponsors an exhibit attached apparently for the sole purpose of showing the number "$5858.13."[2] The exhibit consists of a half page of computerized gibberish, in which the word "CITI-SEARS" appears once.

LVNV incorporated its original petition into its summary judgment motion, in which the style of the case is once more set forth as "LVNV FUNDING, LLC ASSIGNEE OF SEARS," but it did not elaborate on how it came into possession of Rolen's debt. Rather, in summarizing the basis for its summary judgment, it relied on its interpretation of the deemed admissions, stating as follows:

---

[2]... The affidavit does not serve to clarify matters of standing or anything else, stating in part,

> It was the regular business of Plaintiff and/or its Predecessor for an employee of Plaintiff and/or its Predecessor, with knowledge of the act, event, conditions, opinion, or diagnosis recorded, to make the record of to transmit information thereof to be included in such record; and the record was made at or near the time of the event recorded or reasonable [sic] soon thereafter.

8

3. Respondent has admitted that Defendant or another with permission of Defendant, accepted the goods, wares, merchandise or services bought from Plaintiff, as evidenced by Plaintiff's Request for Admissions, which are deemed admitted.

4. Respondent has admitted that the balance due and owing to Plaintiff from Defendant on the account that is the subject of this suit is $5,858.13, as evidenced by Plaintiff's Request for Admissions, which are deemed admitted.

5. Respondent has admitted that Respondent has failed to pay the amount due Plaintiff on the account, as evidenced by Plaintiff's Request for Admissions, which are deemed admitted.

In the exhibit attached to LVNV's motion for summary judgment—LVNV's request for discovery containing its requests for disclosure and for admissions—the style of the case is set out as "LVNV FUNDING, LLC Plaintiff," without any mention of an assignor. The exhibit contains the following pertinent requests for admissions that were deemed admitted by Rolen's failure to respond:

No. 1: Admit Defendant entered an agreement whereby Plaintiff or Plaintiff's original assignor extended credit to Defendant(s).

No. 2: Admit Defendant(s), or another with permission of Defendant(s), accepted the credit extended for the purchase of goods, wares, merchandise, services, or for cash advances.

. . . .

No. 6: Admit Defendant(s) promised to pay Plaintiff or Plaintiff's original assignor on the credit account the subject of this suit.

No. 7: Admit Defendant(s) made payments to Plaintiff or Plaintiff's original assignor on the credit account the subject of this suit.

No. 8: Admit there is an unpaid balance on the credit account the subject of this suit that is due and owing from Defendant(s) to Plaintiff.

9

No. 9: Admit the balance due and owing to Plaintiff from Defendant(s) on the credit account the subject of this suit, after all offsets, payments, claims, and credits is at least **$5858.13**.

. . . .

## D. Analysis

The flaws in LVNV's petition and other documents in the record appear to stem primarily from LVNV's failure to allege facts to support the bases for its suit, including (but not limited to) the basis for an assignment. That is, although LVNV sets out in its petition, in the style of the case, that it is "assignee of Sears," it alleges in the body of its petition that "Plaintiff *and/or* its Predecessor extended credit" to Rolen. [Emphasis added.] This "and/or" clause gives rise to the following interpretations: (1) LVNV *and* its predecessor extended credit—on which basis LVNV could bring its own claim if it extended credit to Rolen separately but would also have to allege facts to support the assignment by its predecessor who also, jointly or separately, extended credit to Rolen; or (2) LVNV *or* its predecessor extended the credit—on which basis LVNV could bring its own claim that it extended credit or allege facts to support the assignment by its predecessor if it hoped to support a claim on the basis of assignment. LVNV does not allege in the body of its petition that it acquired a debt owed by Rolen to Sears—nowhere other than in the caption is Sears even mentioned.[3]

---

[3] ... Nor does LVNV state within the actual body of its petition how its claim or its predecessor's claim would entitle it to file what appears to be a suit on sworn account. *See, e.g., McFarland v. Citibank (S.D.), N.A.*, 293 S.W.3d 759, 764 (Tex.

10

The deemed admissions do not clarify whether LVNV can sue because LVNV had a contract with Rolen itself or because LVNV acquired a contract as an assignee. LVNV asked Rolen to "[a]dmit [she] entered an agreement whereby *Plaintiff or Plaintiff's original assignor* extended credit to [her]" and to "[a]dmit [she] promised to pay *Plaintiff or Plaintiff's original assignor* on the credit account the subject of this suit." [Emphasis added.] LVNV's requests for admissions do not include requests that would clear up the confusion, such as "Admit you opened a credit account with Sears," "Admit that LVNV acquired your debt from Sears," or "Admit Sears is LVNV's predecessor in interest." And LVNV's own interpretation of the deemed admissions fails to clarify matters regarding who *extended credit* to Rolen ("Plaintiff and/or its Predecessor") when it states, "3. Respondent has admitted that Defendant or another with permission of Defendant, accepted the goods, wares, merchandise or services *bought from Plaintiff*, as evidenced by Plaintiff's Request for Admissions, which are deemed admitted."[4] [Emphasis added.]

---

App.—Waco 2009, no pet.) ("Thus, we join our sister courts in holding that account stated, and not a suit on a sworn account, is a proper cause of action for a credit card collection suit because no title to personal property or services passes from the bank to the credit card holder."). Because of our resolution of this case on subject matter jurisdiction grounds, we do not reach the propriety of a suit on sworn account for what appears to be credit card debt. *Cf. Lottie v. Harvest Credit Mgmt. LLC*, No. 02-06-00303-CV, 2008 WL 110251, at *1 (Tex. App.—Fort Worth Jan. 10, 2008, no pet.) (mem. op.) (affirming suit on sworn account brought on credit debt because appellant failed to preserve errors complained of).

[4] This also appears to misconstrue the actual request for admission, which states, "Admit Defendant(s), or another with permission of Defendant(s), *accepted the credit extended for the purchase* of goods, wares, merchandise, services, or for

11

We have found nothing in the record, other than the style of the case, to indicate that Sears was LVNV's predecessor or that it assigned Rolen's debt to LVNV. *See Tex. Ass'n of Bus.*, 852 S.W.2d at 446. Because LVNV did not allege sufficient facts to support both its claim that it extended credit to Rolen *and* that its predecessor did so and transferred the claim to LVNV and did not request any admissions to show the connection between Rolen, LVNV, and LVNV's predecessor or attach anything to show this connection—including, for example, a copy of the credit card contract between Rolen and Sears or of an assignment between Sears and LVNV—LVNV failed to allege or prove the requisite privity for standing to sue Rolen as an assignee. *See Pagosa Oil & Gas, L.L.C.*, 2010 WL 450910, at *2; *see also Eaves*, 301 S.W.3d at 404–06; *Butler*, 2009 WL 402329, at *1–2; *Gellatly*, 2008 WL 2611894, at *1, 6 & n.2; *Rowlands*, 2007 WL 1395101, at *1 & n.1; *McManus*, 2003 WL 22024238, at *2; *Cartwright*, 865 S.W.2d at 551–52; *cf. Unifund CCR Partners v. Hawthorne*, No. 05-08-01574-CV, 2009 WL 4879017, at *1–2 (Tex. App.—Dallas Dec. 17, 2009, no pet.) (mem. op.) (affirming debtor's no-evidence summary judgment when Unifund failed to offer a scintilla of evidence that it was the assignee of a creditor to whom he incurred a debt); *Unifund CCR Partners v. Perkins*, No. 05-08-01576-CV, 2009 WL 4202635, at *1, 4 (Tex. App.—Dallas Nov. 25, 2009, no pet.) (mem. op.) (holding same with regard to Unifund's failure to offer

---

cash advances." [Emphasis added.]

12

a scintilla of evidence that it was either debtor's original creditor or original creditor's assignee).  We sustain Rolen's first issue.

## IV.  Conclusion

Having sustained Rolen's first issue, we reverse the trial court's judgment and remand this case to afford LVNV the opportunity to amend its pleadings.  *See, e.g., Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839–40 (Tex. 2007).


PER CURIAM

PANEL: MCCOY, J.; LIVINGSTON, C.J.; and GARDNER, J.

DELIVERED: April 22, 2010

13