Affirmed and Opinion filed May 11, 2010. 



 



 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00009-CV



 

Melinda R. Busch, Appellant

V.

Hudson & Keyse, LLC, Appellee

 



On Appeal from the County Court
at Law # 4

Brazoria County, Texas

Trial Court Cause No. CI039062



 

OPINION

 

Appellant Melinda R. Busch challenges the trial
court’s judgment in favor of appellee Hudson & Keyse, LLC.  Hudson &
Keyse sued Busch to recover credit card debt.  Busch contends that the trial
court erred in (1) issuing untimely findings of fact and conclusions of law;
(2) granting judgment for Hudson & Keyse because Hudson & Keyse is not
entitled to recover on any of its causes of action; and (3) awarding Hudson
& Keyse attorney’s fees.  We affirm.   

Background

            Discover issued a
Discover Card to Busch in 1996.  Busch made purchases with the credit card and
made payments on the account.  Busch subsequently defaulted on the account in
the amount of $9,779.61, and Discover sold the account to Vision Nevada, Inc. 
Vision Nevada sold Busch’s account to Hudson & Keyse.

            Hudson &
Keyse filed suit on August 20, 2007, alleging causes of action for account
stated, open account, and breach of contract, and seeking to recover the
principal amount of $9,779.61, plus interest totaling $4,656.77, costs, and
attorney’s fees.  Busch filed her “Second Amended Answer, Counterclaim and
Request for Disclosures” on July 7, 2008, asserting various defenses and
counterclaims for alleged violations of the Fair Debt Collection Practices Act
and Texas Debt Collection Act.  

            After a bench
trial, the trial court signed a final judgment in favor of Hudson & Keyse
and a take-nothing judgment on Busch’s counterclaims.  The final judgment
awarded Hudson & Keyse $14,436.38, plus post-judgment interest and
attorney’s fees.  Busch timely requested findings of fact and conclusions of
law on October 23, 2008.[1] 
When the trial court did not file its findings of fact and conclusions of law
by November 12, 2008, Busch filed a notice of past due findings of fact and
conclusions of law on November 20, 2008, making the findings and conclusions
due December 2, 2008.[2] 


The trial court filed its findings and conclusions on
December 31, 2008.  In its findings of fact, the trial court found that (1)
Busch had a credit card account with Discover; (2) Hudson & Keyse “is the
current holder and legal owner of [Busch’s] Discover account;” (3) Busch made
purchases and payments on the account; (4) Hudson & Keyse proved the
contractual terms of the agreement between Discover and Busch at trial; (5)
Hudson & Keyse proved the balance due on the account was $14,436.38; and (6)
Busch offered no proof supporting her counterclaims or affirmative defenses. 
In its conclusions of law, the trial court concluded (1) Hudson & Keyse
offered sufficient proof to establish (a) that it is the rightful owner of
Busch’s Discover Card account, (b) the terms of the agreement between Busch and
Discover, and (c) that Busch failed to pay the amount due, which was
$14,436.38; (2) Hudson & Keyse is entitled to judgment in the amount of
$14,436.38, plus attorney’s fees in the amount of $15,000; and (3) Busch failed
to provide any credible evidence supporting her counterclaims or affirmative
defenses.  Busch appeals from the trial court’s judgment.    

Analysis

            Busch presents
eight issues on appeal.  First, Busch contends that “[t]he trial court erred in
filing findings of fact and conclusions of law more than forty days after the
filing of the request for findings and conclusions by [Busch].”  In her second
issue, Busch argues that the evidence is legally insufficient to support the
trial court’s judgment on Hudson & Keyse’s breach of contract claim.  In
issues three through five, Busch challenges the legal sufficiency of the
evidence regarding finance charges, late fees, and over-limit fees.  In her
sixth issue, Busch contends that “the trial court erred in granting judgment
for [Hudson & Keyse] based on open account or account stated because such
causes of action are not available where the underlying debt arises from a
credit card account.”  In her seventh issue, Busch argues that the trial court
erred in granting judgment for Hudson & Keyse.  Lastly, in her eighth
issue, Busch contends that the trial court erred in awarding Hudson & Keyse
attorney’s fees.[3] 


I.         Findings of
Fact and Conclusions of Law

In her first issue, Busch argues that we cannot
consider the trial court’s findings of fact or conclusions of law for any
purpose because they were filed untimely.  We disagree.  

If proper presentation
of a case on appeal is prevented by a trial court’s failure to make requested
findings of fact and conclusions of law, the proper remedy is to abate the
appeal and direct the trial court to make findings and conclusions pursuant to
Texas Rule of Appellate Procedure 44.4(b).  Acad. Corp. v. Interior Buildout
& Turnkey Constr., Inc., 21 S.W.3d 732, 739 n. 1 (Tex. App.—Houston
[14th Dist.] 2000, no pet.).  In this case, no purpose would be served by
abatement because the trial court corrected its failure to act by filing
findings of fact and conclusions of law on December 31, 2008.  We can consider
the late-filed findings and conclusions on appeal.  See In re Gillespie,
124 S.W.3d 699, 703 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding) (en
banc) (“Thus, even if a trial court’s plenary power has expired, the trial court
is not prevented from entering properly requested findings and conclusions.”).  Busch
was not prejudiced by the trial court’s delay because the findings of fact and
conclusions of law were on file almost three months before she filed her original
appellate brief.

We overrule Busch’s
first issue.

II.        Sufficiency of
the Evidence 

Busch argues that the trial court erred in granting
judgment for Hudson & Keyse because Hudson & Keyse is not entitled to
judgment based on any of its causes of action — account stated, open account,
or breach of contract.  

We must affirm if the trial court’s judgment is
supported by any of the theories relied upon.  See Boyce Iron Works,
Inc. v. Sw. Bell Tel. Co., 747 S.W.2d 785, 787 (Tex. 1988); Durban v.
Guajardo, 79 S.W.3d 198, 207 (Tex. App.—Dallas 2002, no pet.).  We turn
first to Hudson & Keyse’s account stated cause of action.

In her sixth and seventh issues, Busch argues that
the account stated cause of action does not apply to the collection of credit
card accounts.  We disagree.  We have previously addressed this issue and held
that account stated is a proper cause of action for a credit card collection
suit.  See Jaramillo v. Portfolio Acquisitions, LLC, No. 14-08-00939-CV,
2010 WL 1197669, at *7 (Tex. App.—Houston [14th Dist.] Mar. 30, 2010, no pet.
h.)(mem. op.); Butler v. Hudson & Keyse, L.L.C., No. 14-07-00534-CV,
2009 WL 402329, at *3 (Tex. App.—Houston [14th Dist.] Feb. 19, 2009, no pet.)
(mem. op.).  Opinions from other courts also so hold.  See McFarland Citibank
(S.D.), N.A., 293 S.W.3d 759, 764 (Tex. App.—Waco 2009, no pet.); Dulong
v. Citibank (S.D.), N.A., 261 S.W.3d 890, 893 (Tex. App.—Dallas 2008, no
pet.); Tully v. Citibank (S.D.), N.A., 173 S.W.3d 212, 216 (Tex.
App.—Texarkana 2005, no pet.). 

In her third, fourth, and fifth issues, Busch argues
that the evidence is legally insufficient to support the trial court’s award of
finance charges, late fees, and over-limit fees.  In reviewing a trial court’s
findings of fact for legal sufficiency, we apply the same standards that we
apply in reviewing jury findings.  Ulmer v. Ulmer, 130 S.W.3d 294, 299
(Tex. App.—Houston [14th Dist.] 2004, no pet.) (en banc).  Legal insufficiency
challenges may be sustained only when the record discloses one of the following
situations: (a) a complete absence of evidence of a vital fact; (b) the court
is barred by rules of law or of evidence from giving weight to the only
evidence offered to prove a vital fact; (c) the evidence offered to prove a
vital fact is no more than a mere scintilla; or (d) the evidence establishes
conclusively the opposite of the vital fact. City
of Keller v. Wilson, 168 S.W.3d 802, 810 (Tex. 2005) (citing Robert W.
Calvert, “No Evidence” and “Insufficient Evidence Points of Error,” 38 Tex. L. Rev. 361, 362-63 (1960)).

            We must consider
evidence in the light most favorable to the findings and indulge every
reasonable inference that would support them.  City of Keller, 168
S.W.3d at 822.  If the evidence allows only one inference, neither the fact finder
nor the reviewing court may disregard that evidence.  Id.  “The
traditional scope of review does not disregard contrary evidence in every no
evidence review if there is no favorable evidence (situation (a) above), or if
contrary evidence renders supporting evidence incompetent (situation (b) above)
or conclusively establishes the opposite (situation (d) above).”  Id. at
810-11.  If the evidence at trial would enable reasonable and fair-minded
people to differ in their conclusions, then the fact finder must be allowed to
do so.  Id. at 822.  Accordingly, the ultimate test for legal
sufficiency always must focus on whether the evidence would enable a reasonable
and fair-minded fact finder to reach the judgment under review.  Id. at
827.  Legal sufficiency review in the proper light must credit favorable
evidence if a reasonable fact finder could do so, and must disregard contrary
evidence unless a reasonable fact finder could not do so.  Id.
 The reviewing court cannot substitute its judgment for that of the fact finder
if the evidence falls within this zone of reasonable disagreement.  Id.
at 822. 

We review a trial court’s conclusions of
law de novo.  See BMC Software Belg., N.V. v. Marchand, 83 S.W.3d
789, 794 (Tex. 2002).  If we determine that the trial court made an erroneous
conclusion of law, we will not reverse if the trial court rendered the proper
judgment.  See id.  We uphold conclusions of law if the judgment can be
sustained on any legal theory supported by the evidence.  Id.

A party is entitled to relief under the common law cause of action for
account stated when (1) transactions between the parties give rise to
indebtedness of one to the other; (2) an agreement, express or implied, between
the parties fixes an amount due; and (3) the one to be charged makes a promise,
express or implied, to pay the indebtedness.  Dulong, 261 S.W.3d at 893;
Butler, 2009 WL 402329, at *2.  Because an agreement on which an account
stated claim is based can be express or implied, a creditor need not produce a
written contract to establish the agreement between the parties; an implied
agreement can arise from the acts and conduct of the parties.  See McFarland,
293 S.W.3d at 763.  

Hudson & Keyse submitted billing statements from September 2001 until
November 2003.  There is no evidence to suggest the statements were not
received.  The statements reflect that charges and payments were made on the
account.  The statements also reflect that interest was charged against the
account at varying rates, and late fees and over-limit fees were periodically
assessed against Busch.  There is no evidence Busch ever objected to or
disputed any charges or fees. 

Timothy Elder, Hudson & Keyse’s Dallas office manager, testified that
Hudson & Keyse was “seeking to recover the sum of $9,779.61, plus interest
totaling [$]4,656.77” based on Busch’s use of the Discover credit card.  Nancy Quere, Hudson & Keyse’s legal
account manager, stated in her affidavit that “there is justly an amount due
and owing . . . by [Busch] to [Hudson & Keyse] . . . amounting to
$9,779.61, plus interest totaling $4,656.77, beginning from OCT 31 2003 through
JUN 20, 2001 . . . .”  Based on Busch’s use of the credit card, we may
reasonably infer that Busch impliedly agreed to pay a fixed amount equal to the
purchases she made, plus interest and fees.  See McFarland, 293
S.W.3d at 763; Dulong, 261 S.W.3d at 894.    

Viewing the evidence in the light most favorable to
the finding in the trial court, we hold that the evidence is legally sufficient
to support the trial court’s award of finance charges, late fees, and
over-limit fees based on Hudson & Keyse’s account stated claim.  See
City of Keller, 168 S.W.3d at 822.  Accordingly, the trial court did not
err in granting judgment for Hudson & Keyse based on an account stated
cause of action.[4] 
See McFarland, 293 S.W.3d at 764.  

We overrule Busch’s third, fourth, fifth, sixth, and
seventh issues.

III.      Attorney’s
Fees 

 In her eighth issue, Busch challenges the trial
court’s award of attorney’s fees to Hudson & Keyse under Chapter 38 of the
Texas Civil Practice and Remedies Code.

Texas Civil Practice and Remedies Code section
38.001(8) authorizes a prevailing party in a claim based on an oral or written
contract to recover attorney’s fees.  Tex. Civ. Prac. & Rem. Code Ann. §
38.001(8) (Vernon 2008).  Hudson & Keyse can recover attorney’s fees under
Chapter 38 based upon an account stated claim.  See Budzyn v. Citibank (S.D.),
N.A., No. 01-08-00211-CV, 2010 WL 1240765, at *6 (Tex. App.—Houston [1st
Dist.] Mar. 25, 2010, no pet. h.); see also Butler, 2009 WL
402329, at *4 (affirming attorney’s fees award based on account stated cause of
action). 

Under Chapter 38, the prevailing party must be
represented by an attorney and must present the claim to the opposing party or
to a duly authorized agent of the opposing party.  Tex. Civ. Prac. & Rem.
Code Ann. § 38.002 (Vernon 2008).  If payment for the just amount owned is not
tendered before the expiration of the 30th day after the claim is presented, the
prevailing party may recover attorney’s fees.  Id.  Presentment of the
claim is required to provide the other party with an opportunity to pay the
claim before incurring an obligation for attorney’s fees.  Brainard v. Trinity Universal Ins. Co., 216 S.W.3d
809, 818 (Tex. 2006).  No particular form of presentment
is required.  France v. Am. Indem. Co., 648 S.W.2d 283, 286 (Tex. 1983).
 All that is necessary is that a party show that its assertion of a debt or
claim and a request for compliance was made to the opposing party, and the
opposing party refused to pay the claim.  Standard Constructors, Inc. v.
Chevron Chem. Co., Inc., 101 S.W.3d 619, 627 (Tex. App.—Houston [1st Dist.]
2003, pet. denied).  It is the
claimant’s burden to plead and prove presentment.  See Ellis v. Waldrop,
656 S.W.2d 902, 905 (Tex. 1983). 

Busch argues that Hudson & Keyse failed to prove
that it “presented” its claim to Busch as required by Chapter 38.  At trial,
Hudson & Keyse offered into evidence Busch’s responses to its Request for
Admissions.  These were admitted without objection.  Request 16 reads,
“Plaintiff made demand on Defendant(s) before filing suit, for payment of the
outstanding balance due at that time.”  Busch responded, “Admit.”  Request 17
reads, “Defendant(s) received a demand letter from Plaintiff (or Plaintiff’s
predecessor or attorneys) for payment on the account.”  Busch responded, “Admit
that Defendant received a demand from Plaintiff.”  We hold that Busch’s
responses to Hudson & Keyse’s Requests for Admissions are sufficient to
establish that Hudson & Keyse “presented” its claim to Busch as required by
Chapter 38.  Therefore, the trial court did not err in granting Hudson &
Keyse attorney’s fees.

We overrule Busch’s eighth issue.  

 

Conclusion

            We affirm the
trial court’s judgment based on Hudson & Keyse’s account stated cause of
action.

                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

 

 

Panel consists of Justices Frost,
Boyce, and Sullivan.

 









[1]
Any party may request findings of fact and conclusions of law within 20 days
after the judgment is signed.  Tex. R. Civ. P. 296.  In this case, the trial
court signed its judgment on October 15, 2008.  





[2]
If the trial court does not file its findings of fact and conclusions of law
within 20 days after a timely request, the requesting party shall file a
“Notice of Past Due Findings of Fact and Conclusions of Law” within thirty days
after filing the original request.  Tex. R. Civ. P. 297.  The trial court then
has 40 days from the date the original request was filed to file its findings
of fact and conclusions of law.  Id.





[3]
Busch does not challenge the portion of the trial court’s judgment addressing
her counterclaims.  Therefore, we do not address her counterclaims on appeal.





[4]
Because we hold
that the trial court did not err in granting judgment for Hudson & Keyse
based on Hudson & Keyse’s account stated cause of action, we need not
address appellant’s arguments regarding Hudson & Keyse’s open account or
breach of contract causes of action.