# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00274-CV

**Judson E. Ekpe, Appellant**

**v.**

**CACH, LLC, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
### NO. D-1-GN-07-002746, HONORABLE JEFF L. ROSE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Judson E. Ekpe appeals a final summary judgment awarding damages and attorney's fees to appellee CACH, LLC on claims that Ekpe breached a Bank of America credit-card agreement that was later sold and assigned to CACH. The judgment also dismissed a "counterclaim" Ekpe had asserted. In three issues, Ekpe asserts that the district court erred because (1) CACH failed to meet its summary-judgment burden to conclusively establish either the existence of the credit-card agreement on which its claims were predicated or that Ekpe breached it; (2) CACH failed to meet its burden as to its "standing" to enforce that agreement as Bank of America's assignee; and (3) CACH did not present grounds that could support summary judgment as to Ekpe's counterclaim. While we conclude that the district court properly granted summary judgment on CACH's claims against Ekpe, we must reverse its judgment and remand as to Ekpe's counterclaim.

## BACKGROUND

It is undisputed that a few years ago Bank of America entered into an agreement with Ekpe to provide him a credit card account, that Ekpe incurred charges on that account, and that, at the time Ekpe incurred the charges material to this appeal, Bank of America had designated the account with a number that ended in 9902. In August 2007, CACH sued Ekpe alleging that Ekpe had incurred charges on the account, that Ekpe had failed to repay the charges in accordance with terms of the account agreement, and that CACH had subsequently been assigned the agreement and debt from Bank of America. CACH sought to recover the sums it alleged Ekpe owed on the account, interest, and attorney's fees. Ekpe responded with a pro se pleading joining issue with CACH's allegations. He also asserted a "counterclaim" that, while in large part merely joined issue with CACH's allegations, also included some affirmative factual allegations and sought damages for various claimed forms of emotional distress.

CACH filed a motion for summary judgment on its affirmative claims and to "dismiss" Ekpe's counterclaim. In support, CACH attached summary-judgment evidence that included account statements and other documentation that purported to pertain to Ekpe's account. CACH timely supplemented this evidence several times. Ekpe filed a response in opposition to CACH's motion and also what he styled as his own "motion for summary judgment" that chiefly took issue with CACH's motion and proof. Ekpe likewise filed a motion for summary judgment as to his counterclaim. Ekpe did not, however, present any summary-judgment evidence either in opposition to CACH's motion or in support of his own, nor did he ever obtain a hearing on his motions.

Following a hearing solely on CACH's motion, the district court rendered final judgment awarding CACH $26,006.31 as the balance that had been due on the account (representing charges Ekpe had incurred plus accrued interest, less any payments made by Ekpe) as of the date Bank of America had sold the account to CACH, another $19,136.51 in interest that had accrued thereafter until the date of the order, $10,775.48 in attorney's fees, and $350 in court costs. The district court also "dismissed with prejudice" Ekpe's "alleged counterclaim." Subsequently, Ekpe retained counsel, who filed a motion for new trial that was overruled by operation of law. This appeal ensued.

## ANALYSIS

Ekpe's first two issues challenge the district court's summary judgment as to CACH's breach-of-contract claims. We review the district court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Summary judgment is proper when there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Knott*, 128 S.W.3d at 215-16. When reviewing a summary judgment, we take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubt in the non-movant's favor. *Valence Operating Co.*, 164 S.W.3d at 661; *Knott*, 128 S.W.3d at 215.

To obtain summary judgment on its own affirmative claims, as CACH seems to acknowledge, it bore the "traditional" summary-judgment burden of establishing its entitlement to judgment as a matter of law by conclusively establishing each element of its breach-of-contract

3

cause of action. *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam) (citing *Rhône-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222-23 (Tex. 1999); *Oram v. General Am. Oil Co.*, 513 S.W.2d 533, 534 (Tex. 1974) (per curiam)). To prevail on its breach-of-contract cause of action, CACH had to prove the following essential elements: (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damages sustained as a result of the breach. *Winchek v. American Express Travel Related Servs. Co.*, 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (op. on reh'g). Assuming CACH met this burden, the burden would have shifted to Ekpe to file a timely written response presenting grounds for denying summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). Grounds that Ekpe did not expressly present to the trial court by written response cannot be considered as grounds for reversal on appeal. Tex. R. Civ. P. 166a(c); *Clear Creek Basin Auth.*, 589 S.W.2d at 678. CACH's motion must stand on its own merits, however, and thus Ekpe is not precluded from contending for the first time on appeal that the grounds presented in CACH's motion were legally insufficient to entitle it to summary judgment. *Rhône-Poulenc*, 997 S.W.2d at 223 (citing *Clear Creek Basin Auth.*, 589 S.W.2d at 678). Additionally, CACH bears the burden on appeal of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See id.* Ekpe, as previously noted, did not present summary-judgment evidence in an attempt to raise fact issues. To challenge the summary judgment on appeal, Ekpe focuses his efforts on attacking the legal sufficiency of CACH's motion.

In his second issue, Ekpe argues that CACH's summary-judgment proof fell short of conclusively establishing either the existence of the credit-card agreement on which the judgment

4

was predicated or that he breached that agreement. As Ekpe acknowledges, CACH's summary-judgment proof included a document titled "Visa or Mastercard Cardmember Agreement" that set forth various terms, including the interest rate and fees Bank of America would charge and its monthly minimum payment requirements. However, observing that this Agreement contains no reference either to him or his account number, Ekpe asserts that CACH failed to conclusively prove that it supplied the terms of the particular credit-card agreement he had with Bank of America. We disagree.

Among other evidence, CACH presented the affidavit of Maria Hwang, a CACH authorized agent and records custodian who averred that she had personal knowledge of the record-keeping practices of both CACH and Bank of America. Attached to Hwang's affidavit were documents that, she indicated, were all related to Ekpe's account. These documents included the "Visa or Mastercard Cardmember Agreement." They also included Bank of America monthly statements for a credit card account under the name of Judson E. Ekpe, with an account number ending in 9902, with billing dates beginning on August 13, 2003, through August 13, 2004.[1] The

---

[1] In regard to this and other documentary proof in the summary-judgment record, Ekpe complains that CACH's accompanying business-records affidavits were defective or insufficient. *See* Tex. R. Evid. 901(10). He particularly emphasizes that in some affidavits, CACH representatives, like Hwang, have purported to testify regarding the record-keeping practices of Bank of America. These are ultimately complaints that the district court abused its discretion in failing to exclude this evidence. To preserve these sorts of complaints for appellate review, Ekpe was required to object to the admission of the evidence and obtain a ruling on his objection. *See, e.g.*, *McFarland v. Citibank (S.D.), N.A.*, 293 S.W.3d 759, 762 (Tex. App.—Waco 2009, no pet.); *Dulong v. Citibank (S.D.), N.A.*, 261 S.W.3d 890, 893 (Tex. App.—Dallas 2009, no pet.). Ekpe insists on appeal that we should construe his filings below to contain what are in substance objections to the defects he perceives in CACH's business-records affidavits. Assuming that such objections were indeed raised, we can find no indication in the record that Ekpe ever obtained a ruling on them, nor does Ekpe refer us to any. Consequently, any complaints regarding the admission of CACH's summary-judgment evidence would not be preserved for appellate review.

account statements also referenced various terms of the Agreement and reflected that Ekpe used the credit card (constituting acceptance of its terms and conditions[2]), made some payments, but ceased to make further payments after February 2004.

Ekpe also argues that CACH's own summary-judgment evidence raised fact issues as to whether he had two separate accounts with Bank of America—one ending in 9902, the other in 6239—such that CACH failed to conclusively establish which account it purchased and the amount owed on it. Ekpe relies primarily on a statement in a June 26, 2008 affidavit of a Bank of America officer, Vicki Kyle, who averred, "[A]ccount number [redacted]**6239** was opened on **1/06/07** by **JUDSON E. EKPE**."[3] This statement, in Ekpe's view, is an assertion that Ekpe's account was identified by a number ending in 6239 at the time he opened it in 1997, thus creating "discrepancies" or "contradictions" with CACH's proof regarding Ekpe's account ending in 9902. Similarly, Ekpe argues that there are "discrepancies" between the total outstanding balance for account 9902 shown on the final, August 13, 2004, Bank of America account statement—$12,258.69—and evidence that the outstanding balance on an account designated 6239 was $26,006.31 at the time it was sold and assigned to CACH. However, the inferences that Ekpe would draw of "conflicts" or "discrepancies"

Tex. R. App. P. 33.1(a)(2). In any event, we note that this Court and others have recognized that a witness may have personal knowledge and competence to testify regarding the record-keeping practices of a person other than his or her employer. *See Simien v. Unifund CCR Partners*., 321 S.W.3d 235, 244-45 (Tex. App.—Houston [1st Dist.] 2010, no. pet.) (op. on reh'g); *Damron v. Citibank (S.D.) N.A.*, No. 03-09-00438-CV, 2010 Tex. App. LEXIS 7054, *9-12 (Tex. App.—Austin Aug. 25, 2010, pet. denied).

[2] *See Jones v. Citibank, N.A.*, 235 S.W.3d 333, 338-39 (Tex. App.—Fort Worth 2007, no pet.).

[3] Ekpe also refers to other claimed "discrepancies" in documentation relating to the account, but these documents were not included or incorporated in the summary-judgment record.

in CACH's summary-judgment proof are not reasonable when the evidence on which Ekpe relies is considered in context with other uncontroverted summary-judgment evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 811-12 (Tex. 2005) (discussing contextual evidence). Hwang, among others, testified that the account number for Ekpe's account was changed from 9902 to 6239 after Bank of America charged it off and sold it to CACH in 2006. Considered in this context, Kyle's statement is referring to the account designated by number 6239 at the time of her 2008 affidavit, which, Hwang's testimony makes clear, is the same account that had previously been numbered 9902. And, as for the difference between the amount due on the August 2004 statement and the amount at the time of the account's October 2006 assignment, this is accounted for, as CACH observes, by interest that continued to accrue in the meantime. We overrule Ekpe's second issue.

In his third issue, Ekpe urges that CACH failed to meet its burden to conclusively establish that it had acquired Bank of America's rights in his credit-card account and thereby had "standing" to assert them. Ekpe points to a document included in CACH's summary-judgment evidence, an October 30, 2006, "Bill of Sale" between Bank of America and CACH that incorporates both an attached list of accounts (which included an account of "Ekpe, Judson E.," in the amount of $26,006.31, with a "placement date" of November 3, 2006) and the terms of a "Forward Flow Agreement," which was not attached. In addition to re-uging the arguments regarding "discrepancies" between account numbers and outstanding balances that we have already rejected, Ekpe contends that CACH's failure to attach the "Forward Flow Agreement" and "discrepancies" between the various dates appearing in these documents leaves fact issues as to whether CACH actually purchased the credit-card account it purported to sue on. We disagree. CACH presented uncontroverted testimony from Hwang and Kyle, among others, that Bank of America sold

Ekpe's account to CACH on October 30, 2006, and that CACH now owns the debt. No material facts regarding CACH's "standing" remained for resolution. *See Eaves v. Unifund CCR Partners*, 301 S.W.3d 402, 405 (Tex. App.—El Paso 2010, no pet.). We overrule Ekpe's third issue.

Ekpe's remaining issue, his first issue, challenges the district court's dismissal of his counterclaim. In the first paragraph of his counterclaim, Ekpe pled that evidence he intended to elicit with accompanying discovery requests "will aid in establishing That CACH, LLC acting for bank of America may have fraudulently prepared and Submitted a false documents to this court with the intension that this court will rely On the false document to the detriment of Judson E. Ekpe [sics]." Then, following pleadings addressing the applicable discovery control plan, jurisdiction, and venue, Ekpe pled six "facts." While most of these "facts" merely joined issue with various CACH allegations, Ekpe did make the following affirmative allegations:

- "Counterclaim defendant's actions amount to extortion."

- "Counterclaim defendant harrassments continued even after their suit was filed [sic]."[4]

---

[4] Ekpe's other "facts" were (sic throughout):

- "Counterclaim plaintiff disputes that bank of America authorized this action by Delegating authority to CACH, LLC, and demands strict proof."

- "Counterclaim defendant[']s only evidence to support their claims against counterclaim Plaintiff is their status as a bill collector that wants make money by any means."

- "Counterclaim plaintiff disputes that he owes bank of America money as presented By bill collector CACH, LLC, demands strict proof."

- "Counterclaim defendant cannot state weather this account was issued only in Response to an application. proof demanded."

8

Ekpe further alleged that he had incurred damages "as a result of counterclaim Defendant's conduct," including various forms of "emotional distress" and physical manifestations of it.

In the sole portion of its motion addressed to Ekpe's counterclaim, CACH asserted:

6. *Defendant's Counterclaim*. Defendant's counterclaim is unsubstantiated and no material and/or documentary evidence has been produced to the Plaintiff supporting Defendant's counterclaim allegations. Plaintiff currently has a Motion to Compel and Motion for Sanctions pending in this honorable Court against Defendant's failure to timely respond to discovery requests sent to Defendant . . . . Defendant's willful disregard to properly respond to discovery requests shows a lack of Defendant's conviction, and the fact there is absolutely no evidence to support the allegations along with Defendant's failure to respond to discovery requests, Defendant's Counterclaim should be dismiss[ed] as to the Plaintiff, CACH, LLC.

Although this paragraph suggests in part that CACH was seeking dismissal as a discovery sanction, the parties appear to concur that the district court's judgment of dismissal can stand only if the paragraph is construed as a no-evidence summary-judgment challenge. Ekpe argues that to the extent CACH was asserting a no-evidence challenge, the challenge was legally insufficient because it did not identify the essential element or elements that CACH was challenging. *See* Tex. R. Civ. P. 166a(i) ("The motion must state the elements as to which there is no evidence."); *id*. at Comment—1997 ("The motion must be specific in challenging the evidentiary support for an element of a claim or defense; paragraph (i) does not authorize conclusory motions or general no-evidence challenges to an opponent's case."). We agree with Ekpe.

At most, CACH's motion asserted a broad no-evidence summary-judgment challenge to anything and everything that Ekpe was alleging in his counterclaim—the sort of "general no-evidence challenge[] to an opponent's case" that rule 166a(i) squarely prohibits. *Id*.

9

at Comment—1997. It may well be questionable whether Ekpe has pled any viable causes of action in his counterclaim (although he urges on appeal that his factual allegations can be construed to implicate several different causes of action). Regardless, it remains that CACH purports to have challenged Ekpe's pleading through a no-evidence summary-judgment motion rather than through other procedural mechanisms that might be more appropriate.[5] By doing so, CACH bound itself to comply with rule 166a(i)'s requirements. It did not comply.

CACH does not appear to contend otherwise. Instead, it responds that Ekpe waived any complaint with the "specificity" of its no-evidence challenge by failing to object or specially except below. Although some prior opinions of this Court and others have suggested that a complaint with the "specificity" of a no-evidence motion must be preserved by objection or special exception in the trial court,[6] the Texas Supreme Court has more recently indicated that the failure to specify the essential elements being challenged or making "general no-evidence challenges to an opponent's case," amounts to the omission of the no-evidence challenges as summary-judgment grounds—a matter going to the legal sufficiency of the motion. *See Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009); *see also Ellen v. F.H. Partners, L.L.C.*, No. 03-09-00310-CV, 2010 Tex. App. LEXIS 9540, *4 n.1 (Tex. App.—Austin Dec. 1, 2010, no pet.) (mem. op.) (citing *Gish* and holding that no-evidence motion's failure to specify elements of claim being challenged rendered motion "defective and insufficient to support summary judgment").

---

[5] E.g., special exceptions.

[6] *See Leifester v. Dodge Country, Ltd.*, No. 03-06-00044-CV, 2007 Tex. App. LEXIS 790, at *9 n.3 (Tex. App.—Austin Feb. 1, 2007, no pet.) (mem. op.) (compiling cases and noting "split of authority on this issue" among courts of appeals).

Consequently, Ekpe's complaint can be raised for the first time on appeal. *Rhône-Poulenc*, 997 S.W.2d at 223 (citing *Clear Creek Basin Auth.*, 589 S.W.2d at 678).

Accordingly, because CACH did not present grounds that could support summary judgment as to Ekpe's counterclaim, we must reverse the portion of the district court's judgment dismissing that claim. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993) ("A [summary-judgment] motion must stand or fall on the grounds expressly presented in the motion."); *see also Damron v. Citibank (S.D.) N.A.*, No. 03-09-00438-CV, 2010 Tex. App. LEXIS 7054, *17 (Tex. App.—Austin Aug. 25, 2010, pet. denied) (in similar suit to recover credit-card debt, reversing summary judgment on debtor's counterclaim where creditor's motion had failed to address it). We sustain Ekpe's third issue.

## CONCLUSION

We affirm the district court's summary judgment as to CACH's claims against Ekpe. However, we reverse its judgment dismissing Ekpe's counterclaim and remand that portion of the cause for further proceedings. We express no opinion as to the ultimate viability of Ekpe's counterclaim.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed in part; Reversed and Remanded in part

Filed:   March 16, 2011

11