**AFFIRM; Opinion issued April 5, 2013**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-11-00451-CV**

**JULIAN AYMETT, Appellant**

v.

**CITIBANK SOUTH DAKOTA N.A., Appellee**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-10-04983-I**

## OPINION

Before Justices Bridges, FitzGerald, and Myers
Opinion by Justice FitzGerald

In a suit to recover a credit card debt, appellee Citibank (South Dakota), N.A. ("Citibank") obtained a final summary judgment awarding it $5,051.12 against the debtor, Julian Aymett. Aymett appeals, arguing the trial court (1) erred in granting summary judgment on the breach of contract claim because his testimony created a fact issue; (2) erred in granting summary judgment on the account stated claim because there is no evidence he agreed to a certain amount owed or that the statements were delivered to him; (3) erred in granting summary judgment on the breach of contract claim because Citibank's own evidence created a fact issue on the applicable finance charge; (4) erred in granting summary judgment on an implied contract when Citibank claimed there was an express contract for the same transaction; (5) erred in granting summary judgment on the breach of contract claim because there is a fact question as to whether he impliedly acknowledged the amount due or any other terms; and (6) erred in granting

summary judgment because Citibank never proved the content of the required federal disclosures. Concluding Aymett's arguments are without merit, we affirm the trial court's judgment.

## BACKGROUND

Citibank sued Aymett alleging breach of contract and account stated based on a credit card debt. After Aymett answered, Citibank moved for summary judgment on both of its claims. Citibank's summary judgment motion was supported by the affidavit of Lisa Blumer, a Citibank representative and custodian of records, Aymett's deposition testimony, and copies of affidavits filed by Aymett's counsel in similar cases filed by Citibank against its debtors. Aymett's response included his affidavit and a hearsay objection to the Blumer affidavit. Citibank replied that Aymett's response is insufficient to raise a fact issue to defeat summary judgment, and also argued that Aymett's affidavit lacks credibility. According to Citibank, the affidavit is not credible because it is identical to affidavits previously filed by Aymett's counsel in other cases and "[d]isparate individuals have all presented the same allegations in their affidavits." Neither party obtained a ruling on the admissibility of the summary judgment evidence, and the trial court granted summary judgment for Citibank without specifying the basis for its ruling. Aymett timely appealed.

## STANDARD OF REVIEW

We review summary judgments under well-established standards. *See* TEX. R. CIV. P. 166a; *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985) (traditional motions under rule 166a(c)). Citibank, as the movant, has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 800 (Tex. 1994). In deciding whether a disputed material fact issue

exists precluding summary judgment, evidence favorable to respondent Aymett will be taken as true. *Id*. Every reasonable inference must be indulged in favor of Aymett and any doubts resolved in his favor. *Id*. We review the trial court's summary judgment de novo to determine whether Citibank's right to prevail is established as a matter of law. *Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied). If, as here, the trial court's judgment does not specify the grounds relied upon for its ruling, the summary judgment must be affirmed if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Browning v. Prostock*, 165 S.W.3d 336, 344 (Tex. 2005).

## ACCOUNT STATED

In his second and fifth issues, Aymett complains there is no evidence he agreed that a certain amount owed or to the terms of any agreement.[1] He further insists there is no evidence that account statements were delivered to him. Both of these issues concern the account stated claim, so we consider them in tandem.

To prove it was entitled to relief under its account stated claim, Citibank was required to show (1) transactions between it and Aymett gave rise to the indebtedness, (2) an agreement, express or implied, between the parties that fixed the amount due, and (3) Aymett made an express or implied promise to pay the indebtedness. *See Dulong v. Citibank (S.D.), N.A.*, 261 S.W.3d 890, 893 (Tex. App.—Dallas 2008, no pet.). Citibank was not required to produce a written agreement if it produced other evidence of an agreement between the parties — that is because an account stated claim is based on an express or implied agreement. *Id*. at 894; *Compton v. Citibank (S.D.), N.A.*, 364 S.W.3d 415, 418 (Tex. App.—Dallas 2012, no pet.).

---

[1] Although Aymett initially describes his fifth issue as pertaining to the breach of contract claim, the body of argument addresses the account stated claim.

An agreement to the amount owed can be implied from proof that account statements were sent to the defendant, the defendant made charges and payments on the account, fees and interest were assessed on the account, and the defendant retained credit card statements reflecting the fees and charges on the account without disputing them. *See Compton*, 364 S.W.3d at 418; *Hays v. CitiBank (S.D.), N.A.*, No. 05–11–00187–CV, 2012 WL 929673, at *3 (Tex. App.—Dallas Mar. 16, 2012, no pet.) (mem. op.). Citibank's summary judgment evidence consisted of excerpts from Aymett's deposition in which he admitted using the credit card and making payments until he became ill and stopped making payments. Aymett testified he had never disputed any of the charges on the account, and agreed that he has no dispute as to the amount claimed to be due and owing on the account.

Aymett did not controvert any of these facts. Instead, he complains that Citibank did not present a copy of a written contract between it and him. But Citibank was not required to adduce evidence of a written contract to establish its account stated claim. *See Compton*, 364 S.W.3d at 418. And while Aymett complains there is no evidence he actually received the account statements, the summary judgment evidence demonstrates that Citibank mailed, to the same address for Aymett each time, monthly statements showing extensions of credit, the applicable interest rate or rates, interest charges and any fees imposed, and the amount of any payments. The evidence also shows that Aymett responded to the statements by making regular monthly payments from May 2008 to April 2009. This evidence, coupled with Aymett's deposition testimony, establishes Aymett received the statements Citibank sent.

Based on the series of transactions reflected on the account statements, checks, and payment stubs in this record, as well as Aymett's testimony, the undisputed evidence shows a series of transactions between Aymett and Citibank, as well as acts and conduct establishing

–4–

Aymett and Citibank had an implied agreement fixing an amount due equal to the purchases he made, less payments and credits to his account, plus interest and fees, and that Aymett impliedly promised to pay Citibank the amount due. Therefore, the trial court did not err in granting summary judgment on Citibank's account stated claim. *See Dulong*, 261 S.W.3d at 894. Aymett's second and fifth issues are overruled.

## EXPRESS AND IMPLIED CONTRACT

In his fourth issue, Aymett contends the trial court erred in granting summary judgment on an implied contract when Citibank claimed an express contract based upon the same transaction. This Court has previously rejected this argument on similar facts, and for the same reasons, we reject it now. *See Hays*, 2012 WL 929673 at *3.

In support of his argument, Aymett relies on *Woodard v. Southwest States, Inc.*, 384 S.W.2d 674, 675 (Tex. 1964), and *Morales v. Dalworth Oil Co., Inc.*, 698 S.W.2d 772, 774 (Tex. App.—Fort Worth 1985, writ ref'd n.r.e.). Aymett's reliance is misplaced. Unlike the present case, these cases involve quantum meruit claims and the general rule that a party cannot recover under quantum meruit or an implied contract where there is an express contract. *See Hays*, 2012 WL 929673, at *3. Moreover, these cases involved the admission of an express contract between the parties. *Id.* In the present case, Aymett disputes the existence of an express contract and argues there is no summary judgment evidence to establish such a contract exists. There was no determination that Citibank was entitled to recover on both an express and an implied contract, and we have concluded the summary judgment evidence establishes Citibank's right to recover on the account stated claim. Aymett's fourth issue is overruled.

## CONCLUSION

–5–

We conclude Aymett has not demonstrated the trial court erred in granting Citibank's motion for summary judgment on the account stated cause of action. Based on our resolution of Citibank's account stated claim, we need not reach Aymett's remaining breach of contract issues. *See* TEX. R. APP. P. 47.1; *Browning*, 165 S.W.3d at 344. The trial court's judgment is affirmed.

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

110451F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JULIAN AYMETT, Appellant

No. 05-11-00451-CV     V.

CITIBANK SOUTH DAKOTA NA,
Appellee

On Appeal from the 162nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-10-04983-I.
Opinion delivered by Justice FitzGerald.
Justices Bridges and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee CITIBANK SOUTH DAKOTA NA recover its costs of
this appeal from appellant JULIAN AYMETT.

Judgment entered April 5, 2013.

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE