**Opinion filed February 27, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00042-CV

_____

## SCOTT WALKER, Appellant

## V.

## CITIBANK, N.A., Appellee

**On Appeal from the 342nd District Court**

**Tarrant County, Texas**

**Trial Court Cause No. 342-257089-11**

## O P I N I O N

Citibank, N.A. sued Scott Walker to recover credit card debt incurred on two credit cards that Citibank had issued to him. Citibank filed a traditional motion for summary judgment based solely on its "account stated" claim. The trial court granted summary judgment in favor of Citibank. Walker contends in two issues on appeal (1) that the trial court erred in finding that an express or implied agreement was made between the parties that fixed the amount due and (2) that the account

stated cause of action does not apply to credit card debt.  We disagree, and we affirm the judgment of the trial court.

## Background Facts

It is undisputed that Citibank issued two credit card accounts to Walker.  One was a Home Depot account, and one was an Exxon Mobil account (the accounts).  Citibank's motion for summary judgment was supported by the affidavits of Paula J. Craven and Jennifer Shepherd, who are Citibank document control officers with custody of records concerning assets owned by Citibank.  Craven's affidavit proved up more than eighty pages of documentary evidence regarding the Home Depot account, and Shepherd's affidavit proved up more than forty pages of documentary evidence regarding the Exxon Mobile account.  Citibank's account information includes the cardholder's name and address, account number, charges or extension of credit made on the account, payments and credits (e.g., for returned merchandise), finance charges and fees imposed on the account, a required minimum payment, payment due date, and the amount of any outstanding balance owed on the account by the cardholder.

The Craven and Shepherd affidavits, along with copies of the account statements, show that Walker did not dispute the charges on the account statements prior to Citibank filing suit against him.  Although Walker filed an affidavit in connection with his response to Citibank's motion for summary judgment, Walker did not offer testimony that the addresses reflected in the account statements were not his addresses, nor did he testify that he never received the account statements.

## Standard of Review

We review summary judgments under the well-established standards.  *See* TEX. R. CIV. P. 166a; *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).  The movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.  TEX. R.

CIV. P. 166a(c).  Once a movant establishes that it is entitled to a summary judgment, the nonmovant is required to produce evidence to raise a genuine issue of material fact.  *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).  In deciding whether a disputed material fact issue exists precluding summary judgment, evidence favorable to the nonmovant will be taken as true.  *Nixon*, 690 S.W.2d at 549.  Because the propriety of a summary judgment is a question of law, we review the trial court's judgment de novo.  *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994).

*Analysis*

Because a favorable answer to Walker's second contention would mean a holding by this court that would be contrary to Texas case law, we will first address Walker's second contention.

A. *Account stated is a proper cause of action for a credit card collection suit.*

We note at the outset that this case was transferred to us from the Second Court of Appeals in Fort Worth pursuant to an order of the Texas Supreme Court under the authority of Section 73.001 of the Texas Government Code.  TEX. GOV'T CODE ANN. § 73.001 (West 2013).  In accordance with Rule 41.3 of the Texas Rules of Appellate Procedure, we are required to follow the precedent of the Fort Worth Court of Appeals "unless it appears that the transferor court itself would not be bound by that precedent."  TEX. R. APP. P. 41.3.

The Fort Worth Court of Appeals has not expressly precluded the availability of a claim for account stated as a proper cause of action for a credit card collection suit.  The court has noted that it "[assumes] without deciding that account stated may be employed to collect credit card debt under Texas law." *Morrison v. Citibank (S.D.) N.A.*, No. 2-07-130-CV, 2008 WL 553284, at *2 (Tex.

App.—Fort Worth Feb. 28, 2008, no pet.) (mem. op.); *see also Magnuson v. Citibank (S.D.) N.A.*, No. 2-06-465-CV, 2008 WL 426245, at *6 (Tex. App.—Fort Worth Feb. 14, 2008, pet. denied) ("Assuming *arguendo* that a past due balance on a credit card can give rise to damages on an account stated claim . . . ."). The Fort Worth Court of Appeals ultimately upheld a summary judgment based upon an account stated claim in *Montoya v. Bluebonnet Financial Assets*, No. 02-09-00301-CV, 2010 WL 4261481 (Tex. App.—Fort Worth Oct. 28, 2010) (mem. op.), *on reh'g*, 2010 WL 5186787 (Tex. App.—Fort Worth Dec. 23, 2010, no pet.) (mem. op.). In *Montoya*, the court set out the elements for an account stated claim and specifically recognized that a "party is entitled to relief for a stated account." 2010 WL 4261481, at *2 (citing *Dulong v. Citibank (S.D.), N.A.*, 261 S.W.3d 890, 893 (Tex. App.—Dallas 2008, no pet.).

We note that there are numerous Texas cases from other intermediate appellate courts recognizing that account stated is a proper cause of action for a credit card collection suit. *See, e.g.*, *Rodriguez v. Citibank, N.A.*, No. 04-12-00777-CV, 2013 WL 4682194 (Tex. App.—San Antonio Aug. 30, 2013, no pet.) (mem. op.); *Aymett v. Citibank S.D. N.A.*, 397 S.W.3d 876 (Tex. App.—Dallas 2013, no pet.); *Singh v. Citibank (S.D.), N.A.*, No. 03-10-00408-CV, 2011 WL 1103788 (Tex. App.—Austin Mar. 24, 2011, no pet.) (mem. op.); *Damron v. Citibank (S.D.) N.A.*, No. 03-09-00438-CV, 2010 WL 3377777 (Tex. App.—Austin Aug. 25, 2010, pet. denied) (mem. op.); *Moir v. Citibank (S.D.), N.A.*, No. 05-09-00641-CV, 2010 WL 2574212 (Tex. App.—Dallas June 29, 2010, no pet.) (mem. op.); *Busch v. Hudson & Keyse, LLC*, 312 S.W.3d 294 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *Jaramillo v. Portfolio Acquisitions, LLC*, No. 14-08-00939-CV, 2010 W1197669 (Tex. App.—Houston [14th Dist.] Mar. 30, 2010, no pet.) (mem. op.); *Eaves v. Unifund CCR Partners*, 301 S.W.3d 402 (Tex. App.—El Paso 2009, no pet.); *McFarland v. Citibank (S.D.), N.A.*, 293 S.W.3d

759 (Tex. App.—Waco 2009, no pet.); *Butler v. Hudson & Keyse, L.L.C.*, No. 14-07-00534-CV, 2009 WL 402329 (Tex. App.—Houston [14th Dist.] Feb. 19, 2009, no pet.) (mem. op.); *Dulong*, 261 S.W.3d at 893.

When one considers the elements of an account stated claim, it becomes clear why an account stated cause of action is appropriate for a suit to collect credit card debt. To prove it was entitled to judgment under the account stated claim, Citibank was required to show the following: (1) transactions between it and Walker gave rise to the indebtedness; (2) an agreement, express or implied, between Walker and Citibank that fixed the amount due; and (3) Walker made an express or implied promise to pay the indebtedness. *See Aymett*, 397 S.W.3d at 878; *Busch*, 312 S.W.3d at 299; *Dulong*, 261 S.W.3d at 893. Because an agreement on which an account stated claim is based can be express or implied, a creditor need not produce a written contract to establish the agreement between the parties; an implied agreement can arise from the acts and conduct of the parties. *See McFarland*, 293 S.W.3d at 763.

Walker erroneously argues that there were no transactions between Walker and Citibank and that the only way an account stated claim could be used in a credit card suit would be if the credit card company had sold goods or services to Walker. Each time Citibank extended credit to Walker for one of his purchases, there was a transaction between Walker and Citibank; Citibank, in effect, loaned the money to Walker for his purchases. And, of course, Walker also engaged in transactions with Home Depot, Exxon Mobil, and other merchants who supplied goods or services to him. The account statements submitted by Citibank are evidence of the transactions between Walker and Citibank and of the transactions between Walker and the merchants. In addition, the account statements reflect the payments made by Walker to Citibank, credits received by Walker, and the finance charges and fees imposed by Citibank on Walker's accounts.

Walker's second issue is overruled. An account stated cause of action is a proper cause of action for a credit card collection suit.

 B. *The evidence demonstrated that there was an express or implied agreement between Walker and Citibank that fixed the amount owed by Walker.*

In his first issue, Walker contends that the evidence did not satisfy the second element of an account stated claim: an agreement, express or implied, between the parties that fixed the amount due by him. Walker argues that the opinion from the Fort Worth Court of Appeals in *Morrison* is controlling on the second element pertaining to an agreement between the parties fixing the amount due. We disagree.

As noted previously, this is a transfer case from the Fort Worth Court of Appeals, and we are required to follow that court's precedent under TEX. R. APP. P. 41.3 unless it appears that the transferor court itself would not be bound by that precedent. *Morrison* involved a suit to collect on ten different credit card accounts. *Morrison*, 2008 WL 553284, at *1. The trial court held a bench trial and ruled in favor of Citibank. The Fort Worth Court of Appeals found the evidence legally sufficient to establish the three elements of account stated. *Id.* at *2. However, the custodian of records for the creditor testified that he "could not be sure that the statements were actually mailed or received." *Id.* The Fort Worth Court of Appeals determined, under a factual sufficiency review of the evidence, that the evidence of an agreement between the parties fixing an amount due was "so weak that the trial court's conclusion that Morrison agreed to the amount due is clearly wrong and manifestly unjust." *Id.* at *3. The court based its determination on the fact that it was unknown whether or not Morrison received unpaid statements and on her failure to dispute any of the statements. *Id.*

We conclude that the facts in *Morrison* are distinguishable and that the Fort Worth Court of Appeals would not be bound to follow it as precedent. In this case, the affidavits of Craven and Shepherd state that the account statements were sent to Walker. The account statements reflect that Walker was much more active in the use of the cards and in his payments than the cardholder in *Morrison* and that he continued to make purchases and payments using both cards after the statements were mailed to 12301 Hunters Crossing Lane, indicating that he received the account statements.

Moreover, we note that the Dallas Court of Appeals has expressly declined to follow the holding in *Morrison* based upon similar facts regarding credit card statements mailed to a debtor. *Compton v. Citibank (S.D.), N.A.*, 364 S.W.3d 415, 419–20 (Tex. App.—Dallas 2012, no pet.) (citing *Dulong*, 261 S.W.3d at 894). The Dallas Court of Appeals issued its opinion in *Dulong* six months after *Morrison*. The facts in *Dulong* appear to have been similar to those in *Morrison*; however, the Dallas Court of Appeals found that, "[b]ased on the series of transactions reflected on the account statements, it is reasonable to infer that Dulong agreed to the full amount shown on the statements and impliedly promised to pay the indebtedness." *Dulong*, 261 S.W.3d at 894. Since *Dulong*, several Texas courts of appeals, including Fort Worth, have followed the reasoning in *Dulong* when considering the question of proof of an account stated claim concerning credit card debt. *See Montoya*, 2010 WL 4261481, *on reh'g*, 2010 WL 5186787 (Fort Worth); *see also Rodriguez*, 2013 WL 4682194 (San Antonio); *Singh*, 2011 WL 1103788 (Austin); *Busch*, 312 S.W.3d 294 (Houston [14th Dist.]); *McFarland*, 293 S.W.3d 759 (Waco); *Eaves*, 301 S.W.3d 402 (El Paso).

As to Walker's Home Depot account, Citibank's motion for summary judgment was supported by Craven's affidavit and the accompanying copies of the account statements. The Home Depot account statements reflect transactions

between Walker and Citibank from October 2009 to April 2011, with the final statement showing a balance due of $5,545.14. The Home Depot account statements were sent to Walker. Charges and payments were made on the account, and fees and interest were charged on the account. There is no evidence that Walker ever disputed the fees or charges reflected on the statements.

To illustrate, the October 22, 2009 statement reflected that Walker purchased from Home Depot in Waxahachie paint, hardware, and electrical items for $177.86, and the November 20, 2009 statement reflected that he made a payment of $177.86 and purchased $941.23 in building materials from that same Home Depot. The December 22, 2009 statement reflected that Walker made a $100 payment and only purchased $26.87 worth of merchandise, leaving a new balance of $871.28. Those three statements were sent to Walker at the address of 108 Santa Fe Trail, Waxahachie, Texas, 75165-1551.

The January 22, 2010 statement was sent to Walker at the address of 12301 Hunters Crossing Lane, Fort Worth, Texas, 76028, as were the February, March, and April statements. Walker actively used his card during those months. In January, he made a payment of $100 and made purchases of $56.74; in February, he made a payment of $50, received credits of $739.87, and made purchases of $1,688.24 (most were from Home Depot in Waxahachie); in March, he made a payment of $100 and received credits of $1,176.62 for returns to Home Depot in Waxahachie; and in April, he made a payment of $100 and made purchases of $36.94. At that point, his new balance was $391.71.

In May, Citibank sent Walker's statement to the following address: 12301 Hunters Crossing Lane, Burleson, Texas, 76028-0227. Although Walker attempts in his argument to indicate that Burleson was a third new address, it is obvious that Burleson was not a new or different address. The statements mailed to Fort Worth and Burleson were sent to the same zip code (76028) and the same street address

(12301 Hunters Crossing Lane). Walker continued to use his Citibank Home Depot credit card. His June statement reflected a payment of $100, credits of $233.01, and purchases amounting to $2,209.61 from Home Depot in Waxahachie. The remaining statements were sent to the same address in Burleson, and in July, Walker continued to use his card, making $1,842.43 in purchases from Home Depot in Waxahachie (one item was from Home Depot in San Diego).

As to Walker's Exxon Mobil account, Citibank's motion for summary judgment was supported by Shepherd's affidavit and the accompanying copies of the account statements. Shepherd authenticated and proved up Walker's account statements from September 2009 through June 2011. Walker made purchases with his Citibank Exxon Mobil card through December 2010. At first, Walker paid the full monthly balances due of $589.39, $751.13, $803.04, $670.64, $390.13, $321.43, $422.44, $615.89, $600.04, and $619.01. But after Walker made $2,610.70 in purchases in July 2010, his monthly payments were $300, $150, $100, $100, and $100, even though he continued to make purchases that amounted to $1,698.20. His initial statements were sent to 108 Santa Fe Trail, Waxahachie. Beginning with the October 2010 statement, Citibank sent the statements to 12301 Hunters Crossing Lane, Burleson, Texas, 76028-0227. In December, Walker made a payment of $100 and made purchases of $294.95. All of the purchases were made in Waxahachie except for two in nearby Mansfield and Fort Worth.

We conclude that the series of transactions reflected in Walker's account statements support the trial court's finding that Walker agreed to the full amounts shown on the account statements and impliedly promised to pay the indebtedness. The implied promise to pay the balance due was shown by the conduct of Walker in making regular payments and not objecting to the various transactions reflected in the account statements. *See McFarland*, 293 S.W.3d at 763.

Citibank's evidence supports a conclusion that Walker received the account statements and agreed with the information contained in the account statements. Although Walker filed an affidavit with his response to Citibank's motion for summary judgment, he did not offer testimony that the addresses reflected in the account statements were not his addresses, nor did he testify or offer evidence that he never received the account statements. The Craven and Shepherd affidavits, along with the account statements, show that Walker did not dispute the charges on the account statements prior to Citibank filing this suit. The statements in Walker's affidavit are nothing more than a series of denials, much like the general denial in his answer. *See Selz v. Friendly Chevrolet, Ltd.*, 152 S.W.3d 833, 837 (Tex. App.—Dallas 2005, no pet.) (affiant's sworn repetitions of allegations in pleadings were conclusory and insufficient to raise fact issue on summary judgment). Walker provided no competent summary judgment evidence to raise a material issue of fact. Walker's first issue is overruled.

## *This Court's Ruling*

We affirm the judgment of the trial court.


TERRY MCCALL

JUSTICE


February 27, 2015

Panel consists of: Wright, C.J.,
Bailey, J., and McCall.[1]

Willson, J., not participating.

---

[1]Terry McCall, Retired Justice, Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.