

## Fourth Court of Appeals

### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00687-CV

Antonio E. **VALENT**,
Appellant

v.

**FIRSTMARK** Credit Union,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2019CV04512
Honorable David J. Rodriguez, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Irene Rios, Justice

Delivered and Filed: March 11, 2020

AFFIRMED

Firstmark Credit Union ("Firstmark") sued Antonio E. Valent ("Valent") to recover the balance owed on a credit card under an account stated cause of action. The trial court entered judgment in favor of Firstmark after a bench trial. Valent now appeals.

### INADEQUATE BRIEFING

We begin our analysis by addressing the briefing deficiencies in Valent's pro se brief. A pro se litigant is held to the same standards as a licensed attorney and, therefore, must comply with all applicable procedural rules, including Rule 38.1 of the Texas Rules of Appellate Procedure.

*See Lott v. First Bank*, No. 04-13-00531-CV, 2014 WL 4922896, at \*1 (Tex. App.—San Antonio Oct. 1, 2014, no pet.) (mem. op.). Valent's brief fails to comply with Rule 38.1 of the Texas Rules of Appellate Procedure in several ways. *See* TEX. R. APP. P. 38.1 (setting forth what the appellant's brief must include). Notably, Valent's brief fails to include a single citation to the appellate record.[1] For an issue to be properly before this court, it must be supported by argument and authorities and must contain appropriate citations to the appellate record. *See id.* 38.1(h); *Lott*, 2014 WL 4922896, at \*2. We are "not required to search the appellate record, with no guidance from the briefing party, to determine if the record supports the [appellant]'s argument." *Citizens Nat'l Bank v. Allen Rae Invs., Inc.*, 142 S.W.3d 459, 489 (Tex. App.—Fort Worth 2004, no pet.). Thus, failure to provide appropriate citations to the record may waive appellate review of an issue. *See Lott*, 2014 WL 4922896, at \*2; *Niera v. Frost Nat'l Bank*, No. 04-09-00224-CV, 2010 WL 816191, at \*3 (Tex. App.—San Antonio Mar. 10, 2010, pet. denied) (mem. op.). However, where possible, we will liberally construe the arguments set forth in Valent's brief. *See* TEX. R. APP. P. 38.9.

## STANDING

Valent appears to challenge Firstmark's standing to bring the underlying suit. Standing, as a component of subject matter jurisdiction, is essential to a court's authority to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Standing cannot be waived and it may be raised for the first time on appeal. *Id.* at 445–46. Standing is a question of law that we review de novo. *Heckman v. Williamson County*, 369 S.W.3d 137, 150–51 (Tex.

---

[1] Specifically, Valent's brief does not: (1) include a statement of the nature of the case and the course of proceedings *supported by references to the record*, TEX. R. APP. P. 38.1(d); (2) state concisely all issues or points presented for review, *id*. R. 38.1(f); (3) include a statement of facts *supported by references to the record*, *id.* R. 38.1(g); (4) include a summary of the argument, *id*. R. 38.1(h); (5) include a clear and concise argument for the contentions made with appropriate citations to authorities *and to the record*, *id.* R. 38.1(i); and (6) include an appendix with the items detailed in Rule 38.1(k), *id.* R. 38.1(k).

2012). "[S]tanding focuses on whether a party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome . . . ." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). The general test for standing requires (1) "a real controversy between the parties" that (2) "will be actually determined by the judicial declaration sought." *Tex. Ass'n of Bus.*, 852 S.W.2d at 446.

We hold Firstmark's pleadings and trial evidence sufficiently establish its standing to bring the underlying suit. *See OAIC Commercial Assets, L.L.C. v. Stonegate Village, L.P.*, 234 S.W.3d 726, 735–36 (Tex. App.—Dallas 2007, pet. denied) (reviewing "the pleadings and the entire record to determine if there is evidence establishing" standing). In its original petition, Firstmark alleged it extended credit to Valent through the issuance of a Visa credit card. Firstmark alleged that Valent is obligated to pay Firstmark all monies due and owing on the credit account and that Firstmark is the present owner and holder of the subject account. The trial court admitted into evidence the credit agreement signed by Valent that allegedly opened the subject credit account with Firstmark, a statement of the credit account's history, monthly credit account statements issued by Firstmark from January 2018 through January 2019, and two letters from Firstmark to Valent demanding payment on the subject credit account. Jerry Dugas, the director of loan resolution at Firstmark, testified that Firstmark is the present owner and holder of the subject account. According to the credit account's statement history, the principal balance due on the credit account was $3,974.44 plus accrued interest at the time of trial. Valent denied owing this amount. Under these circumstances, Firstmark established a "justiciable interest" in the outcome of the suit because it alleged and proved that it was the owner and holder of a past-due credit account owed by Valent, and Firstmark requested and received a judgment in the amount of the debt owed. *See Tex. Ass'n of Bus.*, 852 S.W.2d at 446; *Jaramillo v. Portfolio Acquisitions, LLC*, No. 14-08-00939-CV, 2010 WL 1197669, at *4 (Tex. App.—Houston [14th Dist.] Mar. 30, 2010,

no pet.) (mem. op.) ("Because appellee owns the account at issue, it is the party with the right to seek redress for appellant's alleged failure to pay his debt on the account. Therefore, appellee has standing to bring suit on such account against appellant."). Accordingly, Valent's challenge to Firstmark's standing is overruled.

## ACCOUNT STATED

Firstmark sought to recover the credit card debt under an account stated cause of action. An account stated cause of action required Firstmark to show: (1) that transactions between it and Valent gave rise to the indebtedness of one to the other, (2) an agreement, express or implied, between the parties that fixes the amount due, and (3) that Valent, as the one to be charged, made an express or implied promise to pay the indebtedness. *See Dulong v. Citibank (S.D.), N.A.*, 261 S.W.3d 890, 893 (Tex. App.—Dallas 2008, no pet.). Valent does not challenge the sufficiency of the evidence supporting each element of the cause of action. Rather, Valent argues a credit card debt cannot be recovered under an account stated cause of action. However, this court, as well as several of our sister courts, have recognized an account stated cause of action as an appropriate theory of recovery for the collection of a credit card debt. *See, e.g.*, *Houle v. Capital One Bank (USA), N.A.*, 570 S.W.3d 364, 374–375 (Tex. App.—El Paso 2018, pet. denied); *Walker v. Citibank, N.A.*, 458 S.W.3d 689, 693 (Tex. App.—Eastland 2015, no pet.); *Rodriguez v. Citibank, N.A.*, No. 04-12-00777-CV, 2013 WL 4682194, at *4–5 (Tex. App.—San Antonio Aug. 30, 2013, no pet.) (mem. op.); *Aymett v Citibank S.D. N.A.*, 397 S.W.3d 876, 879 (Tex. App.—Dallas 2013, no pet.). Accordingly, Valent's challenge to the cause of action pursued is overruled.

## BUSINESS RECORDS AFFIDAVIT

At trial, Firstmark offered into evidence a business records affidavit. The affiant was Crystal Shook, a loan resolution manager at Firstmark, and the notary was Cynthia Rodriguez. Attached to the affidavit was a credit agreement signed by Valent that allegedly opened the subject

credit account, a statement of the credit account's history, monthly credit account statements from January 2018 through January 2019, and two letters from Firstmark to Valent demanding payment on the subject credit account. The trial court admitted the business records affidavit and its attachments into evidence. Valent argues the business records affidavit and its attachments should have been excluded from evidence.

We review a trial court's evidentiary rulings under an abuse-of-discretion standard. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 906 (Tex. 2000). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

Valent argues the business records affidavit is defective because it does not have the heading "State of Texas" and it does not contain the words "under penalty of perjury." Valent also argues that Cynthia Rodriguez could not have notarized the affidavit as an employee of Firstmark. These complaints relate to alleged defects in the form of the affidavit. *See Well Sols., Inc. v. Stafford*, 32 S.W.3d 313, 317 (Tex. App.—San Antonio 2000, no pet.) (describing a formal defect as a defect in the form of an affidavit and a substantive defect as a defect in the substance of the proof in the affidavit). "[W]hen an affidavit suffers from a mere defect in form, that flaw must be objected to and ruled upon by the trial court for error to be preserved." *Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 166 (Tex. 2018). Here, when Firstmark offered the business records affidavit and its attachments into evidence, the trial court asked Valent twice if he had any objections to its admissibility. Valent stated he had no objections, and the documents were admitted into evidence. Because Valent failed to object to the affidavit's alleged formal defects prior to its admittance, Valent has waived the issue and cannot complain of it on appeal. *See id.*

Valent also argues the business records affidavit was based on "false information." Whether the affidavit contains inaccurate or "false" statements "affects the weight to be given the

evidence, not its admissibility." *Ramos v. Tex. Dep't of Pub. Safety*, No. 04-05-00389-CV, 2006 WL 467969, at *2 (Tex. App.—San Antonio Mar. 1, 2006, no pet.) (mem. op.).

We conclude the trial court did not abuse its discretion by admitting the business records affidavit and its attachments into evidence. Accordingly, Valent's challenge to the admissibility of the business records affidavit and its attachments is overruled.

### AFFIRMATIVE DEFENSES

In Valent's original answer, Valent asserted "breach by plaintiff" and "unjust enrichment" as affirmative defenses. In his brief on appeal, Valent reasserts the same affirmative defenses. It is not clear what Valent's point of error is with regard to his affirmative defenses. Moreover, aside from general assertions, Valent does not reference trial evidence, cite to any legal authorities, or provide any substantive legal analysis to explain why or how these alleged affirmative defenses necessarily mean Firstmark cannot recover the outstanding credit card debt. *See Gorman v. Life Ins. Co. of N. Am.*, 811 S.W.2d 542, 546 (Tex. 1991) ("Pleading an affirmative defense permits introduction of evidence which does not tend to rebut the factual propositions asserted in the plaintiff's case, but which seeks to establish an independent reason why the plaintiff should not recover."). "It is not the proper role of this [c]ourt to create arguments for an appellant—we will not do the job of the advocate." *In re A.D.A.*, 287 S.W.3d 382, 390 (Tex. App.—Texarkana 2009, no pet.). Accordingly, to the extent Valent's complaint on appeal relates to his affirmative defenses, the complaint is overruled.

### CONCLUSION

Having overruled Valent's issues on appeal, we affirm the trial court's judgment.

Rebeca C. Martinez, Justice