**Affirmed and Memorandum Opinion filed August 20, 2020.**



**In The**

## Fourteenth Court of Appeals

---

**NO. 14-19-00383-CV**

---

**GEOFFREY A. GROFF, M.D., Appellant**

**V.**

**BANK OF AMERICA, N.A., Appellee**

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1097239**

---

## M E M O R A N D U M   O P I N I O N

Appellant Geoffrey A. Groff, M.D. appeals a summary judgment awarding relief to appellee Bank of America, N.A. on the bank's claim for account stated arising out of Groff's credit card debt. On appeal, Groff argues that the summary judgment is error because the bank failed to prove the elements of its cause of action as a matter of law. After reviewing the record and the parties' arguments, we conclude that the trial court did not err and affirm the judgment.

## Background

Groff allegedly applied for and received a credit account with Bank of America but failed to make required periodic payments on the account. Bank of America sued Groff for account stated, seeking to recover the account balance of $38,001.49.

Groff answered by filing a copy of Bank of America's petition containing his handwritten notations, the majority of which simply stated "False" next to certain allegations. Groff later filed an amended answer, again denying the majority of Bank of America's allegations and asserting a number of affirmative defenses including "identity theft."

Bank of America filed a traditional motion for summary judgment on its claim, asserting that: Groff applied for and received a credit account owned and administered by Bank of America; Groff used the account for the acquisition of goods, services, balance transfers, or cash advances; and Bank of America was entitled to recover the amount due on Groff's account. Bank of America attached a business records affidavit, along with several billing statements from Groff's account.

Groff filed an untimely response, arguing that Bank of America failed to conclusively prove the existence of Groff's customer agreement, use of the account, or the account balance. In his response, Groff also objected to Bank of America's business records affidavit, contending that: it was prepared for the purpose of litigation; it was hearsay; it lacked foundation; and it was conclusory.

The trial court granted Bank of America's motion and ordered that the bank recover $38,001.49 and court costs from Groff. The court did not rule on Groff's objections. Groff appeals.

## Standard of Review

We review summary judgments de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). The movant must show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). When a plaintiff moves for summary judgment on the plaintiff's cause of action, the plaintiff must present evidence proving each element of the claim. *See Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 163 (Tex. 2015) (per curiam). If the plaintiff conclusively establishes his or her cause of action, then the burden shifts to the nonmovant, who then must disprove or raise a fact issue on at least one element of the plaintiff's cause of action. *See Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014). We review the grant of a summary judgment by viewing the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in the nonmovant's favor and resolving any doubts against the motion. *See City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005).

If the nonmovant fails to raise any issue in response to the motion, such as by failing to file a timely response, then on appeal the nonmovant is limited to challenging only the legal sufficiency of the grounds raised by the movant. *See* Tex. R. Civ. P. 166a(c); *Amedisys*, 437 S.W.3d at 512; *see also City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1971). The nonmovant has no burden to respond to a summary judgment motion unless the movant conclusively establishes its cause of action or defense. *Amedisys*, 437 S.W.3d at 512.

## Analysis

A party is entitled to relief under a claim for account stated when: (1) transactions between the parties give rise to indebtedness of one to the other; (2) an agreement, express or implied, between the parties fixes an amount due; and (3) the one to be charged makes a promise, express or implied, to pay the indebtedness. *See Busch v. Hudson & Keyse, L.L.C.*, 312 S.W.3d 294, 299 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Account stated is a proper cause of action for a credit card collection suit because no title to personal property or services pass from the bank to the holder of the credit account. *See, e.g.*, *Butler v. Hudson & Keyse, L.L.C.*, No. 14-07-00534-CV, 2009 WL 402329, at *2 (Tex. App.—Houston [14th Dist.] Feb. 19, 2009, no pet.) (mem. op.); *Jaramillo v. Portfolio Acquisitions, LLC*, No. 14-08-00939-CV, 2010 WL 1197669, at *7 (Tex. App.—Houston [14th Dist.] Mar. 30, 2010, no pet.) (mem. op.).

Here, in support of its motion for summary judgment, Bank of America submitted an affidavit from its custodian of records, Wendy Parnell. Parnell attested that Groff opened an account with Bank of America, that he authorized the use of the account for the acquisition of goods, services, or cash advances, that Groff failed to make periodic payments, and that Groff's account was "charged off" on January 30, 2016. Parnell attached billing statements from January 2015 to January 2016. The billing statements reflect Groff's name and address. There is no evidence to suggest the statements were not received. The statements reflect that several payments were made on the account. The statements also reflect that interest was charged against the account and late fees were periodically assessed. There is no evidence Groff ever objected to or disputed any charges or fees. The January 2016 billing statement reflects a balance due of $38,001.49.

4

Without leave of court, Groff filed a response to Bank of America's motion three days after the court heard the motion on submission, making Groff's response untimely. *See* Tex. R. Civ. P. 166a(c) (except on leave of court, nonmovant must file and serve written response or opposing affidavits no later than seven days prior to the day of summary judgment hearing). Thus, we will not address any ground raised in his response, but we will consider Groff's appellate challenge to the legal sufficiency of Bank of America's evidence. *See Amedisys*, 437 S.W.3d at 512; *Clear Creek Basin Auth.*, 589 S.W.2d at 678.

After review of the record, we conclude that Bank of America's evidence establishes that the parties engaged in transactions giving rise to Groff's indebtedness to Bank of America, the parties entered into an agreement that fixed the amount due, and Groff promised to pay the indebtedness. Groff's acceptance and use of the credit account, as well as Groff's occasional payments against the balance owed, show that he understood and accepted the obligation and impliedly promised to pay the indebtedness. *See Butler*, 2009 WL 402329, at *3. The evidence also shows that Groff impliedly agreed to pay a fixed amount equal to the purchases made, plus interest and/or fees. *Id.* Groff has not presented any evidence suggesting a different amount is owed. Thus, the evidence presented by Bank of America establishes that Groff agreed to pay the fixed amount of indebtedness arising out of his transactions on the credit account. *Id.* In sum, Bank of America conclusively proved its entitled to judgment as a matter of law on its claim for account stated.

Groff argues that Bank of America's evidence is insufficient, because: the bank did not produce a written agreement; the billing statements do not show any purchases that Groff made on the account; and Parnell's affidavit is not competent summary judgment evidence. None of these contentions is persuasive.

5

We begin with Groff's challenges to the bank's affidavit. Groff argues that Parnell lacked personal knowledge of the facts stated and that the affidavit is conclusory. An affiant's lack of personal knowledge is a defect of form, and a party objecting on that basis must object timely and obtain a ruling to preserve error on appeal. *Washington DC Party Shuttle, LLC v. IGuide Tours*, 406 S.W.3d 723, 736 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (en banc); *see McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 n.7 (Tex. 1993). Groff did not timely assert, or obtain a ruling on, an objection that the affiant lacked personal knowledge of the facts stated in the affidavit. Therefore, any objection on this ground is waived. Moreover, Parnell asserted in her affidavit that she had personal knowledge of the facts stated therein, which is supported by other facts contained in the affidavit, such as her position. *See Valenzuela v. State & Cty. Mut. Fire Ins. Co.*, 317 S.W.3d 550, 553 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("An affiant's position or job responsibilities can qualify him to have personal knowledge of facts and establish how he learned of the facts."); *see also Requipco, Inc. v. Am-Tex Tank & Equip., Inc.*, 738 S.W.2d 299, 300 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.).

Groff's contention that the affidavit is conclusory, however, raises a potentially substantive defect, which may be raised on appeal regardless of preservation in the trial court. *See Pipkin v. Kroger Tex., L.P.*, 383 S.W.3d 655, 670 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). A conclusory statement is one that does not provide the underlying facts to support the conclusion. *Arkoma Basin Expl. Co. v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d 380, 389 n.32 (Tex. 2008). According to Groff, Parnell's assertion that periodic statements had been provided to Groff is conclusory. We disagree. Parnell's testimony regarding periodic statements is a factual assertion supported by attached copies of the

6

statements containing Groff's name and address. The assertion is not conclusory. *E.g.*, *Ortega v. Cach, LLC*, 396 S.W.3d 622, 627 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (testimony that sale and assignment occurred was factual assertion, not conclusion requiring supporting documentation). Moreover, the statements also show occasional payments on the account, indicating receipt of the statements by the account holder identified on them. The challenged statement is not conclusory because the affiant attached factual evidence supporting the statement. *See Arkoma Basin Expl. Co.*, 249 S.W.3d at 389 & n.32.

Groff's next argument—that Bank of America did not produce any written agreement with Groff—is immaterial. Because an agreement on which an account stated claim is based can be express or implied, a creditor need not produce a written contract to establish the agreement between the parties; an implied agreement can arise from the acts and conduct of the parties. *See, e.g.*, *Busch*, 312 S.W.3d at 299 (citing *McFarland v. Citibank (S. Dakota), N.A.*, 293 S.W.3d 759, 763 (Tex. App.—Waco 2009, no pet.)). The bank's affidavit and attached evidence of credit card statements satisfies the required element of proof.

Next, Groff challenges the affidavit because the billing statements do not show any purchases. To be sure, the billing statements do not specifically detail any purchases made on the account between January 2015 and January 2016. But each billing statement reflects interest "charged on purchases," indicating that Groff used the account at some point (prior to January 2015) to make purchases, although the nature of those purchases is not shown in our record. Moreover, Groff and Bank of America engaged in transactions when the bank charged fees and interest to the account and when Groff made certain payments over the phone to reduce the balance owed. This evidence is sufficient to show that the parties engaged in transactions giving rise to Groff's indebtedness to Bank of America.

7

*Accord, e.g.*, *Walker v. Citibank, N.A.*, 458 S.W.3d 689, 693 (Tex. App.—Eastland 2015, no pet.) (considering, among other evidence, account statements reflecting payments made, credits received, finance charges, and fees, as evidence of transactions between account holder and bank).

Finally, Groff argues that he raised a genuine issue of material fact on several issues because he denied various allegations by writing "False" on a copy of the bank's original petition and requests for admission and filing that document. Groff asserts that his handwritten denials are significant, considering he pleaded an affirmative defense of identity theft. But even assuming the document Groff describes would qualify as competent summary judgment evidence,[1] Groff did not assert this argument in a timely response to Bank of America's motion for summary judgment, so the issue was not presented to the trial court. We may not reverse a summary judgment on a ground not properly raised below. *See* Tex. R. Civ. P. 166a(c); *Davis v. Wells Fargo Bank, N.A.*, No. 03-13-00166-CV, 2015 WL 5232018, at *1 n.4 (Tex. App.—Austin Aug. 31, 2015, no pet.) (mem. op.).

---

[1] *Contra Hidalgo v. Surety Sav. & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex. 1971); *Nguyen v. Citibank N.A.*, 403 S.W.3d 927, 932 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (pleadings are not summary judgment evidence); *Dalehite v. Nauta*, 79 S.W.3d 243, 245 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (party generally cannot rely on its own answer to an interrogatory as summary judgment evidence) (citing *Morgan v. Anthony*, 27 S.W.3d 928, 929 (Tex. 2000)).

**Conclusion**

The trial court did not err in granting Bank of America's motion for summary judgment on its account stated claim, and we overrule Groff's issue on appeal.  We affirm the trial court's judgment.


/s/    Kevin Jewell
        Justice


Panel consists of Justices Christopher, Jewell, and Hassan.