

# NUMBER 13-22-00390-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

LEILA M. MEMBRENO–HERNANDEZ,                                   Appellant,

v.

BANK OF AMERICA, N.A.,                                              Appellee.

## On appeal from the County Court at Law No. 2
## of Hidalgo County, Texas.

# OPINION

**Before Justices Tijerina, Silva, and Peña**
**Opinion by Justice Silva**

This is an account stated claim in which appellee Bank of America, N.A. (BANA), a wholly owned subsidiary of Bank of America Corporation and the successor-in-interest to FIA Card Services, N.A. f/k/a MBNA America, N.A., sued appellant Leila M. Membreno-Hernandez asserting that Membreno-Hernandez owed an outstanding credit card

balance. BANA filed a traditional motion for summary judgment on its claim, supporting its motion with, among other things, Membreno-Hernandez's monthly billing statements. The trial court granted summary judgment in favor of BANA. On appeal, Membreno-Hernandez raises one issue, asserting the trial court erred in granting BANA's motion for summary judgment. We affirm.

## I.  BACKGROUND

BANA sued Membreno-Hernandez to collect a balance of $4,739.71, which it claimed was past due, and Membreno-Hernandez answered with a general denial. BANA thereafter moved for summary judgment on its account stated cause of action.[1]  In support of its motion, BANA attached the affidavits of Deborah Taro and Melanie Lawson, BANA officers, as well as statements from Membreno-Hernandez's account dated May 2009 through April 2016. Lawson averred that Membreno-Hernandez obtained an account with BANA for the purpose of obtaining an extension of credit on June 10, 2003, and failed to make periodic payments as required by the parties' agreement. According to Lawson, the account was "charged-off" on April 30, 2016, with the last payment posted to the account on or about September 4, 2015. Lawson stated the account has an outstanding balance of $4,739.71, an amount reflected in Membreno-Hernandez's most recent account statement.

Membreno-Hernandez responded, objecting to Taro's affidavit on the basis of unauthenticated hearsay and lack of personal knowledge and to Lawson's affidavit on authentication, hearsay, lack of personal knowledge, and conclusory grounds.

---

[1] This was BANA's second motion for summary judgment, the first of which was denied.

Membreno-Hernandez additionally argued that the evidence before the trial court was not sufficient to establish that BANA was entitled to judgment as a matter of law. In an attached affidavit signed by Membreno-Hernandez, she generally denied the existence of an agreement between her and BANA and denied owing BANA the claimed amount.[2] The trial court rendered judgment in BANA's favor, and this appeal followed.

## II. DISCUSSION

### A. Standard of Review and Applicable Law

We review the trial court's granting of a traditional motion for summary judgment de novo. *Wal-Mart Stores, Inc. v. Xerox State & Local Sols., Inc.*, 663 S.W.3d 569, 576 (Tex. 2023). To prevail, the movant must show no genuine issue of material fact exists, and the movant is entitled to judgment as a matter of law by conclusively establishing each element of the stated cause of action. *Id.* (citing TEX. R. CIV. P. 166a(c)). "The summary-judgment evidence supporting a [movant]'s position must be attached to the motion for summary judgment or the nonmovant's response." *MSW Corpus Christi Landfill, Ltd. v. Gulley-Hurst, L.L.C.*, 664 S.W.3d 102, 108 (Tex. 2023) (per curiam). "If the movant meets that burden, the burden shifts to the nonmovant to present evidence raising a fact issue, but the burden does not shift if the movant does not satisfy its initial burden." *Wal-Mart Stores*, 663 S.W.3d at 583.

To prevail under an account stated claim, a creditor is required to provide evidence of (1) "transactions between the parties giv[ing] rise to indebtedness of one to the other;

---

[2] Membreno-Hernandez subsequently filed a competing motion for traditional and no-evidence summary judgment, which the trial court later denied, and Membreno-Hernandez does not challenge on appeal.

(2) an agreement, express or implied, between the parties that fixes the amount due; and (3) [that] the party to be charged ma[de] a promise, express or implied, to pay the indebtedness." *Arshad v. Am. Express Bank, FSB*, 580 S.W.3d 798, 805 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *see also Core v. Citibank, N.A.*, No. 13-12-00648-CV, 2015 WL 1631680, at *6 (Tex. App.—Corpus Christi–Edinburg Apr. 9, 2015, pet. denied) (mem. op.). "Because an agreement on which an account stated claim is based can be express or implied, a creditor need not produce a written contract to establish the agreement between the parties; an implied agreement can arise from the acts and conduct of the parties." *Houle v. Capital One Bank (USA), N.A.*, 570 S.W.3d 364, 373–74 (Tex. App.—El Paso 2018, pet. denied).

## B.    Analysis

On appeal, Membreno-Hernandez challenges all three elements of BANA's account stated claim. Specifically, Membreno-Hernandez argues the trial court erred in granting BANA's motion for summary judgment because BANA did not attach the parties' agreement or, in the alternative, provide evidence of an implied agreement. We disagree. Our review of the summary judgment evidence indicates that Lawson and Taro's affidavits and supporting documents provide the necessary proof of the existence of an agreement between BANA and Membreno-Hernandez and transactions giving rise to an indebtedness by Membreno-Hernandez to BANA.

The business records attached to Taro's affidavit span 376 pages and include seven years' worth of account statements showing charges and payments made on the account as well as notices of changes to account terms and continued charges and

4

payments to the account thereafter. *See Walker v. Citibank, N.A.*, 458 S.W.3d 689, 693–94 (Tex. App.—Eastland 2015, no pet.) (concluding a cardholder's continued use of a card to make payments and purchases after monthly statements were issued indicates a receipt of account statements and an acquiescence of the card's terms of use); *see also Pinzon v. Capital One Bank (USA), N.A.*, No. 14-21-00227-CV, 2022 WL 2920723, at *4 (Tex. App.—Houston [14th Dist.] July 26, 2022, no pet.) (mem. op.) ("In cases involving a credit card debt, the cardholder's payment on the account or acquiescence to the credit card company's imposition of interest, fees, and charges suffices to establish the agreement."); *Aguilar v. Wells Fargo Bank, N.A.*, No. 07-20-00036-CV, 2021 WL 317641, at *4–5 (Tex. App.—Amarillo Jan. 29, 2021, no pet.) (mem. op.) (concluding a cardholder's continued use of a card following notice of a change in the card's terms established the existence of an agreement); *Core*, 2015 WL 1631680, at *5 (concluding evidence of credit card usage and payments on account over several years demonstrated cardholder understood contractual obligations). The statements also reflect that late fees and interest charges were assessed against the account, and there is no evidence that Membreno-Hernandez ever objected to or disputed any accrued interest charges or fees. *See Walker*, 458 S.W.3d at 694; *see also Jha v. Bank of Am., N.A.*, No. 02-22-00240-CV, 2023 WL 3113713, at *4 (Tex. App.—Fort Worth Apr. 27, 2023, no pet.) (mem. op.) (concluding it was not necessary for the bank to provide evidence of a written cardmember contract where evidence was presented indicating the cardholder used the card to make purchases, made payments on the account, and acquiesced to the bank's imposition of interest, fees, and charges). Lawson averred that the balance due and owing

5

on Membreno-Hernandez's account was $4,739.71, and based on Membreno-Hernandez's continued use of the credit card to make purchases, this is evidence she impliedly agreed to pay a fixed amount equal to the purchases made, plus interest. *See McFarland v. Citibank (S. Dakota), N.A.*, 293 S.W.3d 759, 763 (Tex. App.—Waco 2009, no pet.).

Membreno-Hernandez cites no authority for her proposition that a creditor who files an account stated claim is required to attach the agreement or alternatively, all documents ever generated regarding the account or related accounts—and we find none. *Cf. Houle*, 570 S.W.3d at 373–74. Because the requisite agreement can be express or implied, BANA was not required to present evidence of a written cardmember contract but could instead present evidence of acts and conduct by a party, as it did here, giving rise to an implied agreement fixing an amount due and an implied promise to pay the indebtedness. *See McFarland*, 293 S.W.3d at 763 ("Because an agreement on which an account stated claim is based can be express or implied, Citibank did not have to produce a written contract as long as it could produce other evidence of the agreement between the parties to meet its burden of proof."); *see also Hwang v. Capital One Nat'l Ass'n*, No. 02-22-00120-CV, 2023 WL 166434, at *9 (Tex. App.—Fort Worth Jan. 13, 2023, pet. denied) (mem. op.) (concluding that forty pages of documents that Capital One submitted with its business-records affidavit, along with the testimony of Capital One's representative, were sufficient to prove its account stated claim); *Rodriguez v. Citibank, N.A.*, No. 04-12-00777-CV, 2013 WL 4682194, at *5 (Tex. App.—San Antonio Aug. 30, 2013, no pet.) (mem. op.) (affirming summary judgment on an account stated claim where

6

the evidence established Rodriguez made payments on the account identified as belonging to her).

Although Membreno-Hernandez's affidavit disputes the existence of an express contract between her and BANA, Membreno-Hernandez fails to show a disputed fact question as to the parties' acts and conduct establishing an agreement by implication. *See Compton v. Citibank (S. Dakota), N.A.*, 364 S.W.3d 415, 419 (Tex. App.—Dallas 2012, no pet.) (concluding there was no merit in a cardholder's argument that there existed no express contract where the creditor presented evidence to establish an agreement by implication). For instance, Membreno-Hernandez does not argue that the addresses reflected in the account statements were not her addresses, nor did she offer evidence that she never received the account statements. The conclusory statements in Membreno-Hernandez's affidavit are nothing more than a series of denials and do not amount to sufficient summary judgment evidence to raise a material issue of fact. *See Walker*, 458 S.W.3d at 695 (concluding the affiant's sworn repetitions of allegations in pleadings were conclusory and insufficient to raise fact issue on summary judgment); *see also Evans v. Citibank (S. Dakota), N.A.*, No. 05-11-01107-CV, 2013 WL 2488789, at *4 (Tex. App.—Dallas June 7, 2013, no pet.) (mem. op.) (providing that statements in cardholder's affidavit were conclusory and, thus, not competent summary judgment proof because at "no point does [the cardholder] present any underlying facts or documentation to support his assertions regarding the balance due on the account or that . . . the billing statements were not delivered to him").

Here, Lawson and Taro's affidavits and the attached account documents establish transactions between BANA and Membreno-Hernandez occurred and that those transactions gave rise to an indebtedness by Membreno-Hernandez to BANA. *See Arshad*, 580 S.W.3d at 805. The account documents show an amount due and an implied promise to pay by Membreno-Hernandez, especially since she made payments on that same account for several years. *See Walker*, 458 S.W.3d at 695 (holding under almost identical facts that it was reasonable to infer that credit cardholder agreed to full amount shown on statements and impliedly promised to pay indebtedness); *McFarland*, 293 S.W.3d at 764 (same); *Dulong v. Citibank (S. Dakota), N.A.*, 261 S.W.3d 890, 894 (Tex. App.—Dallas 2008, no pet.) (same); *see also Hwang*, 2023 WL 166434, at *9 (same). Thus, we hold the summary judgment evidence provided by BANA establishes, as a matter of law, the elements of an account stated, thereby entitling BANA to summary judgment. *See Arshad*, 580 S.W.3d at 805. We overrule Membreno-Hernandez's sole issue on appeal.

### III. CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Delivered and filed on the
27th day of July, 2023.